Paul et al. vs. Chouteau et al.

REENE PAUL ET AL. vs. HENRY CHOUTEAU ET AL.

1. If land be purchased by one, with the funds of another, and for his benefit, the purchaser is a trustee, and if he conveys the land to an innocent purchaser, he will be compelled to account for the value of the land, with interest thereon from the sale to the decree.

## ERROR to St. Louis Circuit Court.

SPALDING, for appellees.

I. The decree held Reene Paul accountable as trustee who had violated his trust, and it was right to make him account for the value of the property held by him in trust, and sold by him, at the value for which he sold at the least.

A trustee is not at liberty to act or contract for his own benefit in regard to the trust property; and if "he fail in the performance of his duty, or exceed, or prevent the persons with which he is interested, he will become responsible:" 8 Law Lib., Willison, trustees, p. 167; also, page 171—"whenever the trustees violate their duty, either by fraudulent alienation, or in any other manner, they will be guilty of a breach of trust, and a court of equity will compel them to reimburse *cestui que* trust for any loss sustained." Also, p 187–8; Sewin on trusts, p. 630, (22 L. Libr.) "In event of breach of duty by trustee, the *cestui que* trust is entitled to file his bill against trustee—to enforce a compensation for the loss the trust estate has sustained;" p. 634, that if the trustee is guilty of misconduct, and loss follows, he is not acquitted, even if he could show that the loss would have happened if he had not acted improperly—and he will not be liable for more than he has actually received, except in cases of supine negligence or wilful default: 2 Story's eq., 21 sec. 714; Ibid, 104, sec. 794; Ibid, 104, sec. 795, as to compensation: Ibid 228, sec. 960–1–2, &c., as to jurisdiction in cases of trust: Ibid 503, sec. 1258; 506, secs. 1261–2–3, as to the violation of trusts—that the profits go to *cestui que* trust: Ibid 508, secs. 1264–5: 2 J. & C.'s Rep., 62—where trustee sold land contrary to his duty as trustee, he is answerable for value, not at time of sale, but at time of filing bill.

II. The trust could be proved by oral testimony: 1 J. C. R., 582, 590; 2 Ibid, 405; 4 Ibid, J. C. R. 167—parol evidence admissible to prove an absolute deed was intended as a mortgage (citing various authorities) 6 J. C. R., 417, to same effect. Cowen & Hill's notes, part 2, page 1488–9; 2 Black. p. 440; 2 Story's eq., 448, sec. 1201: 1 J. C. R. 582, Boyd vs. McLean and wife. This case is on the point, and discusses the doctrine and considers the authorities; holds parol proof admissible against the face of the deed, and the answer of the defendant, to prove the absolute deed to have been in trust: 1 Watts 163, devise to one who represented to testator that he would hold it in trust for use of another. This was a trust and could be proved by parol, &c.: 6 Watts & Serg. 97.

III. But on this record, it does not appear but that the trust was proved by deed or written evidence. The decree recites the facts substantiated by evidence, but does not indicate the nature of the testimony, and the presumption is, that the court below did right. If there was error in the admission of incompetent testimony, the record does not show it, as there was no bill of exceptions taken.

IV. The alleged error, that the appellant was interested in the decree to the amount of $—— and that execution issued for the whole without making this deduction, shall not, if true, vitiate the residue of the decree. No injustice has been done, because, as soon as collected, complainant was entitled to recover his share back. He had a right to make the deduction and withhold his own share.

Paul et al. vs. Chouteau et al.

If he did not do this, which he probably did, then he had a right to demand payment of it immediately. It does not lie in the mouth of a trustee who has alienated trust property in violation of his trust and endeavored to keep the whole proceeds for his own individual benefit, to object, even if the court below had ordered his share to be divided among the *cestui que* trusts

V. It is objected that the defendant's *cestui que* trusts, should have filed a cross bill.

Answer—It is a proceeding in its nature, of partition. The decree *nisi*, is an admission by those defendants, that they were respectively interested in the land and proceeds, as set forth in the bill.

The court has jurisdiction of the matter by the bill, of some of those interested, who have the right to have the affair closed up, and it cannot be closed up piece meal; the court has to pass on the rights of all, to do justice to one of them; and, in justice to the trustee, it would not proceed to relieve one of the *cestui que* trusts, without acting on the whole subject matter and disposing of the whole affair: 3 Law Lib., Albreat on Partition, p. 97, 98, &c., shows that in equity, in proceedings in partition, any one concerned may file the bill, making the other parties, and the proper course is to direct a reference to the matter, to ascertain what are the estates and interests of the plaintiffs and defendants respectfully, and if it appears that they, or some of them, are entitled to the whole, then to order a partition, awarding to the rights of all, or such of them as appear to be entitled, dismissing the bill as to those who do not appear to have rights.

BIRCH, J., delivered the opinion of the court.

Auguste Choteau, the ancestor of the plaintiffs, died in the month of February, 1829, leaving several children, of whom the defendant married a daughter. On the 18th of January, 1830, the executrix of the deceased obtained a judgment and execution against one Calibon, under which a certain lot of land in the city of St. Louis was sold, and the defendant became the purchaser, for the sum of one hundred dollars, being less than half the amount which was due upon the execution, exclusive of the costs. The bill, by which the present suit was commenced by a portion of the heirs, alleges that, in this purchase, the defendant acted as agent or trustee for the estate, that he never paid the purchase money to the sheriff, an understanding or agreement having prevailed whereby the deed from that officer should be made without it, and asks specific and general relief. The answer takes issue upon the allegations in the bill, and presents, also, the question of equity jurisdiction, assuming the bill to be true. Upon the latter point, however, we do not perceive that any reliance has been placed by the counsel for the defendant—as it would seem, indeed, none could be—the proceeding being in every respect best adapted to the nature and circumstances of the case.

Having reference alone to the points which are presented by the record, it is deemed unnecessary to add more to the foregoing statement, than that as no bill of exceptions appears to have been preserved, this court can of course look alone to the recitals of the decree for the

facts upon which it was founded.   It there appears, that upon a hearing of the proofs, and the argument of counsel on both sides, the court was of opinion that the lot of ground in controversy "was purchased by the defendant, Reene Paul, not for his own benefit, but for the benefit of the representatives of said Auguste Choteau, and as trustee for them, and with the funds of his estate," and the court thereupon decreed, that as the lot in question had been conveyed away by Paul, to an innocent purchaser, for value, before the commencement of this suit, he should account, as trustee, for its value at the time of its alienation by him, together with the interest from the time of sale.

Although the cases are dissimilar in other essential respects, and the point of staleness has not been here even intimated, we deem it not inappropriate to remark that in the case decided at this term, of Taylor and others vs. Blair, as guardian for the heirs of Magenis, the defendants were infants, and appeared before the court under circumstances entitled to its protection, in a degree, and for reasons, which are not even pretended to exist in this case, where the defendant was living, and answered and defended the suit in person.

It has already been intimated that there is no testimony preserved in the record upon which we can be expected to revise the finding of the *facts* upon which the decree complained of was originally predicated, to which it is only necessary to add, that having thus found the defendant to have been a *trustee for the estate* in the purchase of the lot, the decree of the chancellor would have been erroneous, had it stopped short of holding accountable for at least its value and interest, reckoning at and from the time he sold it.   Had it even been predicated upon the probably appreciated value of the property at the time of the decree, we are unable to perceive upon what sound principle we could have been called upon to interfere—the whole proceeding being in apparent disregard of the wishes of the heirs, if not, indeed, in contempt of their interests as cestuies que trust.

The only complaint which is made to the decree which was finally rendered upon the confirmed report of the commissioner, is, that as the defendant was therein found to be entitled to the sum of $76 40 as the distributive share of his wife, the decree should not have included that amount in the gross or aggregate sum for which execution was awarded.

To this it is deemed sufficient to answer, that the defendant having been expressly included in the decree, (which adopted the report) as *entitled* to that sum, *out of* the proceeds of the execution, he had nothing to do, and probably did nothing, but execute his receipt to the sheriff for that amount, as entitling him, of course, to a corresponding credit

*upon* the execution—so that in any point of view, whether in practice or in principle, if there be in this a point at all, it is either too refined for our comprehension, or too minute to recur us beyond the maxim which disposes of it. *De minimus non curat lex.*

The decree appearing, therefore, so far as we can perceive from the record, to have been in all things substantially correct and just, is accordingly affirmed.