SHIELDS, Appellant, *vs.* ASHLEY'S ADMINISTRATOR, Respondent.

1. In a proceeding before a County Court by an administrator, to obtain an order for the sale of real estate claimed as belonging to the estate of his intestate, a party cannot interfere and resist the order of sale, on the ground that he has a superior title. Such a person is not *" interested in the estate,"* within the meaning of the 24th section of article 3 of the act concerning administration (R. S. 1845.)
2. County Courts have no jurisdiction to try titles to land.

*Appeal from Benton Circuit Court.*

*Ballou,* for appellant.

*F. P. Wright,* for respondent.

1. This appeal was taken from the County Court upon its refusal to set aside the previous order of sale, and though the statute allows an appeal from orders for the sale of real estate, yet it does not allow an appeal in a case like the present. (See R. C. 106,) and on this ground alone the court did right in dismissing the appeal.

2. The County Court did right in refusing the motion of Shields to set aside the order of sale. He did not make it apparent to the County Court that he was interested in the estate, and no persons but those interested in the estate had a right to appear, even in the first instance. R. C. section 24, article 3. Due notice of the application had been published. Shields did not even offer to appear and resist the application. Nor did he show to the County Court any legal excuse for not doing so ; and unless he had shown himself interested in the

estate, the County Court should not have allowed the appeal, and the Circuit Court did right in dismissing it.

3. Even if Shields had shown to the court that he was the purchaser of the land, it would not have entitled him to appear in the County Court, and resist the order. The lands, at any rate, belonged to Ashley at the time of his death. It was the duty of the administrator to sell all of Ashley's interest therein for the payment of debts. The County Court have no authority to try the title. Nor did Shields become interested in the estate by purchasing the land, so as to entitle him to appear in the County Court and resist the order of sale. None but the heirs can be said to be interested.

SCOTT, Judge, delivered the opinion of the court.

This was a proceeding begun by Atkinson, administrator of Ashley, in the Benton County Court, for the purpose of obtaining an order for the sale of the real estate belonging to the said Ashley, for the payment of debts due from his estate. Shields, who claimed the lands sought to be sold by virtue of a sale of them, made in a suit in chancery against a former administrator of Ashley, and his heirs and widow, came in and opposed the motion, or rather asked to have the order of sale set aside, after it was made. This was refused by the County Court, and on an appeal to the Circuit Court, by Shields, his appeal was dismissed and he appealed to this court.

1. There is no ground for maintaining that, under our law of administration, a proceeding to sell real estate is analagous to the proceedings *in rem*, in courts of admiralty; and that orders of sale, obtained in such a procedure, have the same effect as a judgment *in rem*, in those courts. The statute which declares that the deed given in pursuance to such sales, shall only convey to the purchaser all the right, title and interest which the deceased had in such real estate, at the time of his death, would seem to place this matter in a clear light. But the notice of sale is only required to be given to *persons interested in the estate*. The word "estate" here used, does not mean the real estate to be sold, but the entire estate of the

deceased to be administered upon ; real, personal and mixed. Surely, one who holds by a title paramount to that of the deceased cannot be said to be interested in his estate, nor can one be who claims in the manner it is alleged that Shields claims in this case. The statute contemplated that such only should be affected. by the proceedings, as were interested in the general course of administration—the creditors and heirs. Nor does the provision which makes the deed under the sale pass to the purchaser all the right of the deceased, at the time of his death, make Shields interested *in the estate*, in the sense in which those words are understood in the statute.

2. In conferring a power on the County Courts to sell real estate for the payment of debts, it was never designed to invest them with the jurisdiction of trying titles to land. The article in the administration law, respecting the sale of real estate by executors and administrators, clearly shows this. The organization of the courts forbids such a conclusion.

Shields, then, not being interested in the estate of Ashley, had no right to interfere with the proceedings in the County Court, as they could not affect any interest he had in the land sought to be sold, they being, as to him, *res inter alios acta.* Had Shields been a proper party, there would have been no impropriety in his coming in during the same term, and moving to set aside the order of sale. If there was weight in his objections, his neglect to resist the application in the first instance should have been overlooked, on slight considerations. We have not deemed ourselves called upon to pronounce an opinion on the validity of the proceedings in the County Court, as they appear on the face of the record, nor do we now express any ; but we will say it is best for courts to transact their business with such regularity as will prevent future litigation respecting it. When it is foreseen that difficulties may thereafter arise from the omission of statutory requirements, surely it is the part of wisdom to have them supplied whilst it is practicable. This consideration should induce the County Court to retrace its steps and examine whether the law has been

30—VOL. XVI

pursued, in the course which has been adopted. When there is a doubt about the regularity of the proceedings, which result in the sale of real estate, it represses the ardor of bidders at an auction, and causes a sacrifice of the property condemned to be sold. Hence courts cannot be too cautious in requiring, in all such proceedings, a strict compliance with the forms of the law.

The other Judges concurring, the judgment will be affirmed.