## VALLE, Respondent, *vs.* BRYAN, Appellant.

1. County and probate courts, in the exercise of their discretion, should not order doubtful titles to be sold at administration sale, when the doubt may easily be removed by a suit.
2. A trust results to a father, who advances money to his son to enter land *for him*, with which the son enters the land in his own name.
3. A resulting trust is an equitable estate which may be sold at administration sale.

### *Appeal from Washington Circuit Court.*

Vallé brought this suit to obtain from Bryan the legal title to a tract of land, claiming to be the equitable owner. It appeared that Louis LeClerc, in his life-time, furnished his son, Francis, with money to enter the land for him, (Louis.) Francis entered the land in his own name. After the death of both father and son, the land was sold by each of their administrators under an

order of court. The plaintiff claims under the father. The defendant claims under the son, with notice of the facts. The court below gave a decree vesting the title in the plaintiff, and the defendant appeals.

*J. W. Noell,* for appellant.

*M. Frissell,* for respondent.

SCOTT, Judge, delivered the opinion of the court.

1. It is obvious that the sales of the land in controversy have taken place under such circumstances as to cause a sacrifice of it, without producing any benefit to either of the administrations. It is bad policy in the county courts to order sales where there is a doubt about the title of the land ordered to be sold, when that doubt may be easily removed by a suit. The courts may unquestionably sell estates, the titles of which are doubtful, but a wise exercise of discretion would lead them, in such cases, to postpone a sale until the title is adjudicated. Certainly, it can be of no advantage to make a sale, when it is foreseen that the money arising from it will not pay the expenses with which it is accompanied. There are titles that the law authorizes to be sold without reserve, but the title in this case is not one of that class, and no consideration of propriety required a sale under the circumstances that existed in the present case. The law does not require a useless thing to be done, and surely the court will not be compelled to pass away the title of an heir, when it is seen that no good to the estate will result from such a step. The consideration paid by Bryan is not mentioned in the proceedings, and we may take it that it was merely nominal, and so the two families have lost the land, without any advantage to either of them.

2. The evidence in the cause, and the facts found by the court, warranted the judgment that was rendered. If Francis LeClerc was entrusted by his father with money to enter land for the father, and entered it in his own name, nothing is clearer than that a trust resulted to the father. Bryan purchased with notice of this trust, and can occupy no better

ground than that on which Francis LeClerc stood. He has not stated the consideration he paid, so that it does not appear that he is a purchaser for a valuable consideration, without notice. He alleged that he paid a valuable consideration, but, if that consideration was merely nominal, in comparison with the real value of the land, it would be difficult to make it appear that his purchase was of a character which the law favors.

3. The law directs that all the right, title and interest the deceased had in the premises sold, at the time of his death, shall pass to a purchaser, under an administration sale. These terms are sufficiently comprehensive to pass equitable as well as legal titles. The resulting trust to Lewis LeClerc was clearly an equitable estate, and as such could be sold by an administrator. The defense that the conduct of the father showed that he disclaimed any equity in the land purchased by Francis, was not set up, nor is there any evidence in relation to it in the record. The other judges concurring, the judgment will be affirmed.