TRENT'S ADMINISTRATOR, Appellant, v. TRENT, Respondent.

1. A petition to a probate court by an administrator for a sale of lands for the payment of debts should not be dismissed for want of an averment that the lands mentioned in the petition belonged to the intestate at the time of his death.

*Appeal from Chariton Circuit Court.*

This was a petition to the county court of Chariton county by the administrator of the estate of Alexander Trent. The

petition (which was filed at the November term, 1852, of said court,) sets forth that said Trent died intestate, not leaving any personal estate sufficient to pay the debts of his estate ; that in the lifetime of said Trent certain judgments (which are specified) were rendered against him on the 9th day of September, 1843 ; that said judgments were duly allowed by said county court against his estate, November 7, 1851 ; that on the 2d day of March, 1847, a certain other judgment was rendered against said Trent, which was also allowed by said county court, November 7, 1851 ; that executions issued on said judgments first named, and were levied during the lifetime of said Trent on a certain tract of land ; that after the levy, and before sale by the sheriff, said Trent died, and the sheriff returned the said executions with the facts endorsed thereon after the death of said Trent ; that the said real estate is bound by the liens of said judgments and by the levy of said executions. The petitioner prayed the court " to order the sale of said real estate, and all and any real estate belonging to said estate or on which said judgments or either of them are a lien, or so much of such real estate as will pay the debts of said estate." This petition was accompanied with the following list of debts, endorsed on the petition, verified by the affidavit of the administrator : " List of debts due to and from the within estate and the real and personal estate administered. Debts due the estate—to-wit : one note due from James Dunn, for the sum of $900, dated January 17th, 1850. I know of no debts against the estate except those named within. I know of no real estate except that mentioned, and no personal property. No funds on hand."

One Thomas H. Trent appeared and moved to dismiss the petition. The motion was granted. An appeal was taken to the Circuit Court. In the Circuit Court said Trent also moved the court to dismiss the petition. This motion was sustained, and the action of the court in so sustaining the motion is the error complained of. This motion was made on the following grounds : " The petition is for a sale of the land to satisfy

liens alleged to exist by virtue of certain judgments in said peti-
tion mentioned, when it appears on the face of said petition
that said judgments are not by law liens on said land as alleged
in said petition. If said judgments were at any time liens on
said land, it is shown in the petition that said liens had expired
before the death of said Trent and before such application was
made. Said petition does not show that said Trent, deceased, at
any time, owned the land mentioned in the petition. Said petition
does not show that said Trent was at the time of his death the
owner of or interested in the land mentioned in said petition.
Said petition does not show that said Trent was at the time of
his death the owner of or interested in any land, so as to sub-
ject such land to the lien of the executions or of the judgments
mentioned in said petition. The county court has no power to
subject land to the satisfaction of an execution unless the
judgment on which the execution issues be a lien on such
land. No authority is shown for issuing the execution on
which the levy is alleged to have been made on the land men-
tioned in the petition. On the contrary, it appears from the
petition that the executions mentioned in the petition were un-
lawfully issued, if issued at all. The pretended executions
mentioned in the petition, if legally issued, constitute no lien
which by law entitled them to any preference over other debts,
or which by law authorized the county court specially to sell
land to satisfy their liens. No sufficient cause is shown in such
petition to authorize the sale of lands or to authorize the county
court to order a sale of land."

J. B. Clark, C. W. Bell and Turner, for appellant.

I. Although the petition does not give dates sufficiently to
show whether the executions were issued in due time and con-
tinued in force at the death of Trent, yet the court ought to
presume that they were regularly and lawfully issued, levied
and returned, if from the facts stated such may have been the
case. The judgments may have been kept alive by the issuing
and return of previous executions. (Bowman v. Potter, 1
Mo. 518 ; Lindell v. Benton, 6 Mo. 361 ; Clemens v. Brown,

19 Mo. 709.) Bolton v. Lansdown, 21 Mo. 399, was decided under the act of 1849.

II. The petition ought not to have been dismissed for want of more particularity in the statement of the facts on which the liens depended.

III. Although the original judgment liens had expired, the issuing and levy of the executions, if regular, created a new lien.

IV. It was unnecessary to allege that Trent was entitled to the land. The county court had no power to investigate the question of title.

V. Even if there was no lien, that was no cause for dismissing the petition. The question as to the lien did not affect the right to sell.

*Abell & Stringfellow*, for respondent.

I. The petition shows no inventory ; no list of debts. It does not show that the land asked to be sold belonged to deceased, or that he died seized or ever had title. In fact he had no title—never had any—did not die seized.

II. The courts do not order sales of doubtful titles.

Scott, Judge, delivered the opinion of the court.

This was an application by an administrator to sell real estate for the payment of debts. We see no good reason for dismissing the application. It was in conformity to law, and accompanied by the necessary documents. The inventory was sworn to, and contained the information required for the action of the court. Although there was an allegation in the petition that the judgments and executions described therein were liens upon the land, and there was a prayer that the land might be sold for their satisfaction, yet if the court was of the opinion that the allegation was unsupported, the general object of the petition was not thereby affected. It still remained an application for the sale of real estate for the payment of debts, and the question of a lien could only be material in considering the

order in which the debts were to be paid. There being no other debts than those named in the petition, the proceeds of the sale must have been applied to their satisfaction, and the question of a lien could only have incidentally arisen among those entitled to them.

It was objected to the petition that it did not show that the intestate, at the time of his death, was owner of the land mentioned in the petition. There is nothing in the statute which requires that any such averment should be made. The deed upon a sale by an administrator of real estate for the payment of debts only conveys to the purchaser all the right, title and interest which the intestate had in the same.

This court has discountenanced the practice of selling real estate when the title is in such a condition as must produce a sacrifice, and when it can be made clear before the sale. Under such circumstances, the proceedings should be delayed until the title can be relieved from embarrassment. The condition of the title of the real estate involved in the present controversy affords no occasion for the exercise of this discretion. (Vastine v. Bryan, 19 Mo. 423.)

The question relative to the continuance of the lien of the execution on the land after the death of the debtor in the execution was not argued, and we shall express no opinion respecting it. The facts on which that question arises, as well as those in relation to the lien of the judgments, should be stated with such precision as will enable the court to give its judgment respecting them.

The other judges concurring, the judgment will be reversed, and the cause remanded.