JAMES A. BAUMGARTNER, Defendant in Error, *v.* FREDERICK GUESSFELD *et al.*, Plaintiffs in Error.

1. *Practice—Service of Process on Infants.*—Process may be served upon infants in the same manner as upon adults.
2. *Resulting Trusts.*—Where the purchase money of land is paid by one party and the legal title taken in the name of another, the parties being strangers, a resulting trust arises in favor of the party from whom the consideration proceeds. A similar rule prevails in cases where the consideration proceeds from two or more jointly, and the legal estate is taken in the name of one of them only.
3. *Resulting Trusts—Evidence.*—The admissions of the party holding the legal title are admissible to prove by whom the consideration was paid.

*Error to St. Louis Court of Common Pleas.*

*E. C. Kehr*, for plaintiffs in error.

I. The infant defendants were not properly before the

court; if so, all the proceedings against them are erroneous—Hendricks v. McLean, 35 Mo. 32.

*a.* Sheriff's return.   There is no legal service upon the infant defendants. They should have been personally served, as directed by the first or second clause of § 7 of Art. V. of the Practice Act, and not by leaving a copy at their usual place of abode with a white person of their family over the age of 15 years, as is pretended to have been done in this case.

*b.* Sec. 8, Art. III. of Practice Act, p. 1220, R. C. 1855.

*c.* Latter clause of § 7 of "Act concerning guardians and curators"—R. C. 1855, p. 823.   The general guardian is only permitted to defend for the minor in "matters committed to the care of such guardian." Sec. 13 of same act, p. 824, gives the guardian "the charge, custody and control of the person of the ward, and the care of his education, support, and maintenance." The defence of this suit was not a matter committed to the care of this guardian, and hence a guardian should have been appointed, as provided by sec. 8, Art. III. of Practice Act, p. 1220.

II. The plaintiffs' case as made by the petition :

*a.* The petition shows, if anything, an express, and not a resulting trust.

*b.* The petition fails to show when plaintiff's cause of action accrued ; how and in what manner it accrued, and the particular fact by which a resulting trust is to be raised—Rob. Stat. Fr. 99; 2 Sto. Eq. 635–6.

III. Where a conveyance is made to one person, while the purchase money is paid by another, such fact may be shown by parol ; and being established, the law implies a trust in favor of him who advances the money.   (To be understood as modified by the propositions below.)

*a.* The only fact which can be established by parol is the payment of the purchase money by the beneficiary ; and being established, the law, not the declaration of the parties, fixes the trust—Farrington v. Barr, 36 N. H. (5 Fogg) 86 ;

Moore v. Moore, 38 N. H. 383, 388 ; Browne, Stat. Fr., 2d ed., § 91.

*b.* The evidence of this fact must be clear and satisfactory, and is to be received with great caution, especially after the death of the grantee, and yet more so after a long lapse of time—Browne, Stat Fr., §. 91, 2d ed. In 2 Sugd. Vend. & Pur. 393, it is said, "In cases of this nature, the claimant should not delay asserting his rights, as a stale claim would meet with little attention."—Noel v. Noel, 1 Clark, Iow. 423.

*c.* Where the proportion paid cannot be ascertained, or the sum paid is left uncertain, no trust results by operation of the law—Bro. Stat. Fr. § 86 ; 2 Sugd. V. & P. 908.

*d.* A resulting trust cannot be shown by proof of any declarations of the grantee that he holds the property in trust—Moore v. Moore, 38 N. H. 388–9 ; Graves v. Graves, 9 Foster, N. H. 142 ; 2 Washb. Real Prop., end of § 17, p. 176.

*e.* A resulting trust must arise, if at all, at the time of the conveyance—2 Sugd. V. & P. 908, and may be rebutted or discharged by parol evidence—Browne, § 92. (If plaintiff's cause of action exists at all, it arose Sept. 1, 1848, and July 10, 1849, dates of the two conveyances ; his suit was brought 21st of March, 1862, in the one instance 13, in the other 14 years after.)

IV. The trust in the present case, if any, was one arising by the contract and agreement of the parties, and therefore an express trust.

*a.* No contract between the parties can create a resulting trust ; but if it exists at all, it is an implication of law—Bro. Stat. Fr. § 84, p. 83, 7 ; Williams v. Brown, 14 Ills. 202 ; McElderry v. Shipley, 2 Md. 37.

*b.* Proof of an express trust, though by parol only, will cut off a resulting trust—Roberts, Fr. 100, 557 ; Bro. Fr., close of § 92, p. 90 ; 2 Sugd. V. & P. § 10, p. 395–6 ; Bellosis v. Compton, 2 Vern. Ch. 294 ; 2 Washb. Real Prop. 171 ; 1 Spenc. Eq. 496. (Where there is an agreement by the parties, there is no room for inference or presumption. A resulting trust can only arise where there is no agreement.)

Where there is an agreement, though by parol, that the nominal purchaser shall hold for the person from whom the consideration proceeds, this is not a resulting trust—Hubbard v. Goodwin, 3 Leigh, Va. 519 ; Ratcliffe v. Ellis, 2 Clark, Iowa, 59 ; Ring v. McCoun, 10 N. Y. 271 ; Sturtevant v. Sturtevant, 6 Smith (20 N. Y.) 40 ; White v. Carpenter, 2 Paige, 238 ; Dow v. Jewell, 1 Foster, t. p. 489.

V. If there was an express trust, then the plaintiff cannot recover ; for, though a trust need not be created in writing, yet, to take it out of the statute of frauds, it must be clearly proved in writing—Unitarian Soc. v. Woodbury, 14 Me. 281 ; Steere v. Steere, 5 Johns. Ch. 1 ; Lane v. Ewing, 31 Mo. 75.

*E. T. Farish*, for defendant in error.

I. This is a case of resulting trust, which is specially exempted by § 4 of " An act to prevent frauds and perjuries," p. 807, R. C. 1855.

II. Where the consideration proceeds from two or more persons jointly, and the conveyance of the legal estate is taken in the name of one of them only, a resulting or presumptive trust immediately arises in favor of the parties not named in the conveyence, in proportion to the amount of the consideration which they may have respectively contributed. Hill. Trust. 92 ; Wray v. Steel, 2 V. & B. 388 ; Riddle v. Emerson, 1 Vern. 108 ; Palmer v. Young, 1 Vern. 276 ; 2 Sugd. V. & P., 9th ed., p. 140.

III. Proof of such trust can be made by parol testimony—Hill, 94–6 ; O'Hara v. O'Neil, 2 Eq. Cas. Abr. 475 ; Cottington v. Fletcher, 2 Atk. 155 ; 2 Mad. Ch. Pr. 141, 3d ed. ; Ambrose v. Ambrose, 1 P. Wms. 321 ; Leach v. Leach, 10 Ves. 517 ; Benbow v. Townsend, 1 M. & K. 508 ; Taylor v. Taylor, 1 Atk. 386 ; Madison v. Andrew, 1 Ves. 58 ; Boyd v. McLean, 1 J. C. R. 582 ; Bostford v. Burr, 2 J. C. R. 405 ; Buck v. Pike, 2 Fairf., Me. 24 ; Baker v. Vining, 30 Me. 121 ; Page v. Page, 8 N. H. 187 ; Snelling v. Utterback, 1 Bibb, 609 ; Letcher v. Letcher, 4 J. J. Marsh. 590 ; Elliott v. Armstrong, 2 Blackf. 441 ; Blair v. Bass, 4 Blackf. 590 ;

Larkins v. Rhodes, 5 Porter, 196 ; Rider v. Kidder, 10 Ves. 364.

LOVELACE, Judge, delivered the opinion of the court.

This is an action in the nature of a bill in chancery to obtain a decree of title to one undivided half of certain lands described in the petition.

The petition states that Francis J. Baumgartner died seized and legally entitled to two certain pieces or parcels of land, situate in the county of St. Louis, and fully described in the petition, and also described in the deeds by which the land was conveyed to Francis J. Baumgartner. The petition then goes on to state, that since the date of these deeds to Francis J. Baumgartner, valuable improvements have been made upon the land, consisting of a brick store and known as the "Three-mile House." Then, after referring to the fact of Francis dying intestate, and describing his heirs, the petition continues :

" Plaintiff further states, that though the conveyances to said Francis J. Baumgartner are absolute upon their face to said Francis J. Baumgartner, they are coupled with a secret trust in favor of the plaintiff; that, in fact, the property thus acquired was bought upon the joint account of said Francis J. Baumgartner and the plaintiff, each paying one half of the consideration money thereof ; and that the improvements were made jointly by said Francis and plaintiff, and were paid for equally by them, and that the said two parcels of land were held in trust to the extent of one equal and undivided half by said Francis for the use and benefit of plaintiff."

The answer denies all the material allegations in the petition.

All the points made by the plaintiffs in error may be best considered under two heads : 1st, that the service was illegal as to the infant defendants ; and, 2d, that the decree was for the plaintiff, when it should have been for the defendants.

I. With regard to the first—the infants were served by leaving copies of the writ at their usual place of abode with a white member of their family over the age of fifteen years. We see no distinction in the statute between the service upon an infant and upon an adult; nor do we see any reason for a distinction. The service is admitted to be such as would be good against anybody but an infant, and no authority is. pointed out, nor is any good reason given, why it should not be good against the infant. The record shows that they appeared in court by their guardian, and made defence to the action. We think the service was good.

II. In Hill on Trustees, it is said, "where, upon a purchase of property, the conveyance of the legal estate is taken in the name of one person, while the consideration is given or paid by another, the parties being strangers to each other, a resulting or presumptive trust immediately arises by virtue of the transaction, and the person named in the conveyance will be a trustee for the party from whom the consideration proceeds." And again, "a similar rule prevails in cases where the consideration proceeds from two or more jointly, and the conveyance of the legal estate is taken in the name of one of them only. A resulting trust will arise in favor of the parties not named in the conveyance, in proportion to the amount of the consideration which they may have respectively contributed"—Hill. Trustees, 92, s. p. & note ; Thompson v. Renoe, 12 Mo. 157 ; Paul v. Chouteau, 14 Mo. 580 ; 19 Mo. 423 ; 23 Mo. 579.

In Shoemacker v. Smith, 11 Humph. 8, it was held, that the presumption in the first instance, where two contributed the funds, and the conveyance was taken in the name of one, was that the proportions were equal.

It would seem, then, from the authorities, that, if the plaintiff contributed half the purchase money for the property and the improvements thereon, he would be entitled to a decree for his proportion.

A considerable portion of the evidence relied on to prove the facts necessary to make out a resulting trust, are the

declarations and admissions of Francis J. Baumgartner; and it is contended that a resulting trust cannot be proved in this way—and 2 Washb. on Real Prop. 176, § 17, is relied on in support of this position. It is there stated in general terms, that a resulting trust cannot be proved by the parol declarations of the purchaser that he holds the land for another. The technical fact, then, it would seem, of the trust, cannot be proven by these parol declarations; but the note on the same section says, " that any act done, such as the payment of the consideration by another, may be proved by the admission of the one in whose name the purchase was made, for the purpose of raising a resulting trust"—Lloyd v. Carter, 17 Pa. 216; Peebles v. Reading, 8 Serg. & R. 492; Irwin v. Ivers, 7 Ind. 308.

All the admissions of Francis J. Baumgartner introduced tend to prove the payment of the purchase money, or a portion thereof, by the plaintiff. His admissions are "that they (the plaintiff and Francis) are partners in the property; that they own it jointly; that the plaintiff owns an interest; that the plaintiff is equally interested with himself:" all of which tended to prove that the plaintiff's money was used in purchasing the property. We see no objection to these admissions as they were introduced; but they were far from being all the evidence which the plaintiff had to prove the trust. A witness who says he sold the Baumgartners one piece of the land, says the whole of the purchase money for that piece was paid by the plaintiff. And the mechanic who built the Three-mile House, which forms a large part of the improvement on the land, says he made the contract with the plaintiff, and that the plaintiff paid all the money; that Francis said he could not pay any until he received some money through his wife, when he would refund his portion to the plaintiff.

We see no error in the record, and the evidence greatly preponderates in favor of the decree.

The judgment is therefore affirmed. The other judges concur.