ADA F. CAULEY, Respondent, v. W. H. TRUITT, Administrator, etc., Appellant.

Kansas City Court of Appeals, November 4, 1895.

1. **Probate Court:** JURISDICTION: WIDOW'S DOWER: RELEASE. In matters of the distribution of estates, the probate court is without power to enter into an adjudication about matters belonging to the ordinary administration of justice between contesting litigants. And so, when petitioned by the widow for personal dower and a year's provision the court can not adjudicate the validity, force and effect of an alleged release by the widow.

2. ———: APPEAL: JURISDICTION. If the probate court has no jurisdiction of a given question, then the circuit court could not acquire jurisdiction by appeal.

*Appeal from the Boone Circuit Court.*—Hon. John A. Hockaday, Judge.

Affirmed.

*W. H. Truitt, Jr., C. B. Sebastian* and *N. T. Gentry* for appellant.

The action of the court in striking out part of defendant's answer was manifestly an error. Plaintiff had executed the written release set out in defendant's answer, the execution of which was not denied, and the court should have permitted it to be pleaded, and should have rendered judgment for defendant, dismissing plaintiff's application. *McFarland v. Baze's Adm'r*, 24 Mo. 156. Plaintiff, at the death of her husband became the absolute owner of $400 in personal property over and above the household and kitchen furniture to the value of $500 and one year's provisions for herself and family. *Cummings v. Cummings*, 51 Mo. 261; *Hastings v. Myers, Adm'r*, 21 Mo. 519. She being such absolute owner could dispose of it in any manner she may desire. She may sell and make a good title, mortgage, give away, or release it for the benefit of the creditors of her husband (and such release needs no consideration to uphold it.) *Henderson, Adm'r, v. Henderson*, 21 Mo. 379; *McFarland v. Baze's, Adm'r, supra; Mack v. Heiss*, 90 Mo. 578.

*Wellington Gordon* and *Webster Gordon* for respondent.

And it is equally as well settled law that the probate court has no power or authority in this state to

adjudicate upon collateral questions. Since the functions of the probate court are limited in respect to administrators and executors to the control of the devolution of the property upon the death of its owner. The claims of third persons against, creditors heirs, legatees, devisees or distributees must, if an adjudication becomes necessary, be tried in courts of general jurisdiction. *Johnson v. Jones*, 47 Mo. App. 237; *Jones v. Jones*, 53 Mo. App. 203; Woerner's Law of Administration, sec. 151; *Mitchell v. Bradstreet*, 116 Mo. 226; *Bindbeutal v. Street Railway*, 43 Mo. App. 463; *Nave v. Adams*, 107 Mo. 414; *Johnson v. Jones*, 47 Mo. App. *supra*, and authorities cited.

ELLISON, J.—Plaintiff is the widow of John T. Cauley, who left four infant children and an estate of personal property, as well as some debts outstanding against him. She executed a renunciation of her right to administer and the defendant was duly appointed administrator by the probate court. Plaintiff afterward filed her application in the probate court for an order that defendant pay her, as her dower in the personalty, the sum of $400, and also $350, as one year's maintenance of herself and family. To this application defendant answered by alleging that plaintiff had, by writing, released all her right to the dower or year's support, except in what might remain after all debts had been paid. The probate court refused to hear such defense and allowed to plaintiff $400, as her dower and $175 for a year's maintenance. Defendant appealed to the circuit court. The latter court struck out that defense and made plaintiff the same allowance as the probate court had given.

It appears from the record and statement of counsel that there was, notwithstanding the defense was stricken out, some investigation in the circuit court of the question of whether plaintiff's release had been

procured from her by fraud. The interposition of the release was disallowed on the ground that the probate court did not have jurisdiction to try such question. If that court had not the requisite jurisdiction, then the circuit court could not acquire jurisdiction by appeal. The St. Louis Court of Appeals, in the case of *Johnson v. Jones*, 47 Mo. App. 237, decided that the probate court had no power to determine the validity of an assignment of a legacy, when the assignment was disputed. That the validity of such contested assignment could only be determined in the ordinary courts. "Otherwise," says ROMBAUER, J., "a judge of probate would exercise a common law jurisdiction in matters between contesting parties, not relating to the acts of the intestate, but *to contracts of the heirs after his decease.*" These remarks apply fully to the case at bar and so does that entire decision. The probate court is without the power in the matters of the distribution of estates to enter into an adjudication of matters belonging to the ordinary administration of justice between contesting litigants. The administrator should have sought the enforcement of whatever contracts he may have with plaintiff regarding her share of the estate in some other forum.

It follows from the foregoing that the judgment could not have been otherwise than as rendered by the circuit court, and it will therefore be affirmed. All concur.