IN THE MATTER OF THE ESTATE OF ISABELLA GARVER, Deceased, v. W. C. RICHARDSON, Administrator of ISABELLA GARVER, Deceased, Respondent; HARRIET A. MILLIKEN, Appellant.

St. Louis Court of Appeals, December 13, 1898.

1. **Probate Courts:** JURISDICTION OF ADVERSE CLAIMS. No jurisdiction to determine adverse claims to the property in charge of the administrator has been given to the probate courts of Missouri.

2. **Circuit Courts:** JURISDICTION: DERIVATIVE. The appeal from the decision of the probate court did not give the circuit court any jurisdiction not possessed by the former tribunal. In such cases the jurisdiction of the circuit court is purely derivative and can not exceed that of the probate court.

*Appeal from the St. Louis City Circuit Court.*—HON. SELDEN P. SPENCER, Judge.

AFFIRMED.

EBER PEACOCK for appellant.

At the final settlement of the estate of Lydia P. Mooers there was ordered to be paid to the legal representatives of Mrs. Isabella Garver (she having died previous thereto) the legacy amounting to $2,250; Mrs. Garver at her death lived in Pennsylvania, where three of her children lived, the fourth living in Ohio. This fund was distributable therefore according to the

laws of Pennsylvania. Fisher v. Anchor Line, 15 Mo. App. 576; McPherson, Administrator, v. McPherson, 70 Mo. App. 330–335. The fund being governed by the law of Pennsylvania it was competent for the heirs, if of age and there were no debts, to make distribution among themselves without administration, and it is equally the law in Missouri. Walworth v. Abel, 52 Pa. St., 370; Weaver v. Roth, 105 Pa. St. 408; McCracken v. McCaslin, 50 Mo. App. 85–89. While it may be stated as a general proposition that personalty passes to the administrator, an equitable right or title exists in the heirs as to which it was competent for them to contract. Fretwell v. McLemon, 52 Ala. 124; Walworth v. Abel, 52 Pa. St. 370; Weaver v. Roth, 105 Pa. St. 408; McCracken v. McCaslin, 50 Mo. App. 85–88. The heirs of Mrs. Isabella Garver having as between themselves assigned all interest in the legacy to Mrs. Harriet A. Milliken and all being of age, and there being no debts, Public Administrator Richardson took only a naked trust, when he assumed to act as administrator of Mrs. Garver's estate. McCracken v. McCaslin, 50 Mo. App. 85–89, and cases cited. Where one acquires the interest of an heir in an estate by assignment he stands in relation to the estate as the heir would if he had not assigned. Van Horn v. Jos. A. Walker, 27 Mo. App. 78; Graham v. Abercambia, 8 Ala. 252; In re Phillips, 71 Cal. 285; Kavaugh v. Thacher, 2 Dana, 137. When the public administrator took charge of the estate it became his duty to ascertain who were entitled to distribution, and he then learned Mrs. Milliken owned the entire fund. In Matter of Estate of McCune, 76 Mo. 205; Kingsland v. Scudder, 36 N. J. Eq. 286; Johnson v. Halifield, 82 Ala. 123; In re Simmons'. Will, 55 Ky. 239. A mere protest by one who has assigned against the payment of a distributive share to the assignee without more, can not prevent the

probate court from so ordering distribution, there must be some ground charged that would in law or equity avoid the instrument, otherwise contracts legal under the law where made could by a mere objection in the probate court be practically repudiated, there being no fraud or imposition charged both the heir and administrator were estopped to dispute the assignment. McCracken v. McCaslin, 50 Mo. App. 85. The judgment of distribution to Mrs. Bragdon was a final judgment affecting and binding all parties to the record, and practically the court passed on the validity of the assignment, the status of the parties being fixed before administration and being effective under the law of Pennsylvania, the court by its order went back of the assignment and in effect annulled it. From this final judgment the right of appeal existed. Murphy v. Murphy, 2 Mo. App. 156; Branson v. Branson, 102 Mo. 613. The judgment of the circuit court rendered, was a money judgment with an award of execution, this is error, the direction should have been to certify to the probate court which alone had jurisdiction to enforce judgment. R. S. 1889, sec. 293; Ibid, sec. 2941. It was error for the circuit court to refuse the instructions asked by appellant, they fully presented the law of the case. Convan v. Sellew, 28 Mo. 320; Wielandy v. Lemuel, 47 Mo. 322; Cunningham v. Snow, 82 Mo. 587.

GILES FILLEY JONES for respondent.

The probate court, in making an order of distribution, has no power to settle controversies between a legatee, or an heir at law, and the assignee of such legatee or heir. On an appeal by such assignee, from an order of distribution made by the probate court, the circuit court has no power other or greater than that vested in the probate court.

BOND, J.—Lyda P. Mooers died in St. Louis, having first executed a will, wherein she devised to her sister Isabella Garver, a resident of Pennsylvania, the sum of $2,000. Pending the administration of Mrs. Mooers' estate, the said Isabella Garver died, leaving four children, three of whom lived in Pennsylvania, and one in Ohio. Three of these united in an assignment of their interest to their sister Mrs. Harriet Augusta Milliken. In 1895 the probate court of St. Louis, on final settlement of the estate of Mrs. Mooers, ordered the said legacy to be paid to the legal representative of Isabella Garver, whereupon the public administrator took charge of the estate of Isabella Garver, and receipted for said legacy. He declining to pay it over to Mrs. Milliken, she presented her claim thereto to the probate court, supporting the same by the assignment to her from the other children of Isabella Garver. One of these, through her counsel, objected to the payment of one fourth of the fund to Mrs. Milliken. Thereupon the probate court ordered three fourths of the said fund to be paid over to Mrs. Milliken, and the remaining one fourth to be paid over to the objecting heir. From this judgment Mrs. Milliken appealed to the circuit court. On the trial in the circuit court there was evidence tending to show that the objecting heir did not execute the assignment for the purpose of disposing of her interest to Mrs. Milliken, but did so merely as a convenient way of having the same collected for her benefit by Mrs. Milliken, who was about to make a trip to St. Louis for that purpose. On the other hand there was evidence on behalf of Mrs. Milliken tending to show that this heir did make the assignment to repay Mrs. Milliken for the care and attention bestowed upon their mother (Isabella Garver), prior to her decease.

The circuit court affirmed the ruling of the probate court. There was no error in so doing. Probate courts in this state have no power to pass upon the rights or claims of one heir or legatee to the portion coming to another either by law or devise, and can not, without consent, substitute another in the place of a lawful distributee. This is so for the reason that no jurisdiction to determine adverse claims to the property in charge of the administrator has been given to the probate courts of Missouri. Johnson v. Jones, 47 Mo. App. loc. cit. 241; State ex rel. Jones v. Jones, 53 Mo. App. loc. cit. 217; Cauley v. Truitt, Adm'r, 63 Mo. App. 356. Hence it is immaterial whether the fund in question is distributable under the law of the domicile of the mother (Mrs. Isabella Garver) of the contesting parties, since that law could not enlarge the jurisdiction of the probate court under the statutes of this state, nor did the appeal from the decision of the probate court give the circuit court any jurisdiction not possessed by the former tribunal. In such cases the jurisdiction of the circuit court is purely derivative and can not exceed that of the probate court. For these reasons the judgment in this case is affirmed. All concur.