## In re WOOD ESTATE.

Kansas City Court of Appeals, June 14, 1909.

1. **PROBATE COURTS: Jurisdiction.** In a proceeding by an executor to obtain an order for the sale of real estate claimed as belonging to the estate, the probate court has no jurisdiction to try and determine the issue of title.

2. ————: ————. On appeal from the probate court the circuit court must try the case anew upon the same cause of action, and neither the circuit court nor this court acquires jurisdiction on appeal of the issue, nature and extent of the estate the testatrix had in the land in controversy.

3. ————: ————. While the probate court could not adjudicate title to property sought to be sold to pay debts of the estate, it could determine whether a dispute as to the title was sufficient to cause the property to be sold at a sacrifice if sold before the settlement of the dispute, and refuse the application if it so decided.

Appeal from Jackson Circuit Court.—*Hon. H. L. McCune*, Judge.

In re Wood Estate.

AFFIRMED.

*Albert Young* and *Frank Titus* for appellants.

*Gage, Ladd & Small* and *Scarritt, Scarritt & Jones* for Virginia Broadwell and others.

JOHNSON, J.—This proceeding was originated in the probate court of Jackson county by the application of the executors of the last will of Corinne E. Wood, for an order to sell certain real estate inventoried as the property of the testatrix for the purpose of paying debts and a legacy, the personal estate being insufficient for that purpose. Anna W. Harris, Mary B. Stewart and Virginia Broadwell, three of the heirs of the testatrix, appeared and resisted the application on the ground that they and Mary Wood, another heir, were the owners in fee simple of the land sought to be sold. The probate court on final hearing sustained the objections and refused to order the sale because "there is doubt as to decedent's title to the property sought to be sold." The executors appealed to the circuit court where a trial of the issues resulted in favor of the objectors, whereupon, the executors appealed to this court.

The land in question was inventoried as property of the estate and the executors contend that it was owned in fee simple by the testatrix at the time of her death, while the objectors occupy the position that the testatrix had only a life estate in the land, with remainder in the objectors and Mary Wood. The solution of this question would depend largely, if not entirely, on the construction to be placed on the terms of the deed on which the claims of the respective parties must be founded. That deed was executed in 1883 by J. W. Vincent and wife, then the owners of the land, to James H. Lloyd, as trustee. The trust attempted to be created therein thus was expressed:

In re Wood Estate.

"*In trust*, nevertheless and to the intents and for the uses and purposes the following, that is to say, In trust to manage, control and demise the said premises and every part thereof for and during the natural life of Corinne E. Wood, wife of Joseph M. Wood of Kansas City, Jackson county, Missouri, to and for her the said Corinne E. Wood's own sole and separate use, benefit and behoof, and in such manner, form and way as that the same shall not be liable for her debts. or obligations, or the debts or obligations of her present husband or of any husband she may have in the future, and during her life, and forever after her death held free and discharged from any right, claim, or interest therein or thereto of her present husband and of any husband she may have in the future, provided always if during the life of the said Corinne E. Wood she shall desire the sale of the said premises or any part thereof and the investment of the proceeds thereof of such sale, after payment thereout of the costs and expenses of sale and investment, in other real estate, or in bonds, national, State, county, city, or town, or in solvent well secured promissory notes, then, upon signification of such desire by said Corinne E. Wood in writing to said party of the second part, he shall be fully empowered and authorized and he is hereby directed to sell said premises at and for the best price and sum obtainable, and to such person or persons as to him shall seem meet, and execute, acknowledge, and deliver to the purchaser or purchasers thereof good and sufficient conveyance or conveyances of the property sold; and the proceeds of such sale after deducting thereout the costs and expenses of sale and investment, he shall as soon as practicable reinvest in other real estate, or in bonds, national, State, county, or town, or in solvent, well secured promissory notes as he may deem most advisable, or may invest part of the net proceeds in other real estate, and part in bonds or notes as he may think proper.

In re Wood Estate.

In all cases of investment taking the title to the property purchased to himself, his heirs and assigns to and for the same (and no other) intents, uses, and purposes, and under the same conditions, limitations and restrictions hereinbefore stated and expressed with reference to the premises conveyed by this indenture, and take and receive the rents, issues and profits of the real estate purchased, and receive and collect the interest accruing on bonds and notes purchased, and receive and collect the principals thereof, when they mature, and pay out such rents, issues and profits of real estate and interest collected on bonds and notes in manner and form and for the purposes and to the said Corinne E. Wood as heretofore directed. And provided, further, that as often as the said Corinne E. Wood shall desire and shall express and signify such desire in writing to said party of the second part as hereinbefore provided, he shall be authorized and is hereby directed to repeat the process of the sale of the property covered by this trust or the property which shall come under this trust by investment as aforesaid or of any part thereof, in all cases taking the title to the property purchased by reinvestment to himself, his heirs and assigns to and for the intent, uses and purposes, and with the conditions, limitations and restrictions hereinbefore stated and expressed in reference to the premises conveyed by this indenture; And upon the *further trust,* that the said party of the second part, his heirs and assigns, shall and will immediately after the death of the said Corinne E. Wood convey in fee simple to the children of the body of the said Corinne E. Wood living at the time of her death, or to the children of such children lawfully begotten *per stirpes* should any of the children aforesaid die leaving issue, all real estate covered by this trust created by this indenture, whether the same be the real estate purchased by him under the authority herein conferred to sell and reinvest, and shall and will imme-

diately after the death of said Corinne E. Wood pay over, assign, transfer and deliver, share and share alike, unto the children of the body of said Corinne E. Wood living at the time of her death, or to the children of such children lawfully begotten *per stirpes* should any of the children aforesaid die leaving issue, all the bonds, notes, money and personalty then covered by the trust herein created."

We do not find it necessary to express our opinion on the question of the nature of the estate the testatrix acquired under this deed. We may concede, for argument (though we do not so hold), that she had a greater estate than one merely for life and, therefore, that an estate in the land survived her which became subject to the payment of her debts and of legacies, but in the view of the case we entertain, this concession does not support the argument of the executors that the probate judge was without the power to refuse their application for an order of sale, though it might appear to him that a sale would certainly result in the unnecessary sacrifice of the property and, consequently, be detrimental in the highest degree to the interest of the estate. The statute, section 146, et seq., contemplates that the probate judge shall exercise a sound discretion in such matters and that he shall not subject the estate to unnecessary sacrifice. We agree with counsel for the executors that in a proceeding by an executor to obtain an order for the sale of real estate claimed as belonging to the estate, the probate court has no jurisdiction to hear and determine the issue of title. [Shields v. Ashley's Admr., 16 Mo. 471; Trent's Admr. v. Trent, 24 Mo. 307; Jackson v. Magruder, 51 Mo. 55; In re Strom's Appeal, 213 Mo. 1; Johnson v. Jones, 47 Mo. App. 237; Cauley v. Truitt, 63 Mo. App. 356.] The probate court had no jurisdiction of the issue of the nature and extent of the estate the testatrix had in the land in controversy and neither the circuit court nor this court acquired ju-

risdiction of that issue on appeal. It is elemental that on .appeal from a probate .court, the circuit court must try the case anew upon the same cause of action that was tried in the probate court. [In re Estate of Strom, supra.] Our lack of authority to adjudicate the question of title in this proceeding is what prompted us to say that we would express no opinion on that subject.

But we do not sanction the argument of the executors that the probate court had no discretion to exercise, but was bound to order a sale on application therefor in proper form. Though that court could not adjudicate the issue of title, it did have authority to determine whether or not an existing dispute over the subject of title was of sufficient gravity to cause the property to be sacrificed if sold before the settlement of the dispute and, solving that question in the affirmative, to refuse the application.

The rule in such cases thus is stated in Woerner on "The American Law of Administration," Vol. II, p. 1128: "Nor can the title of the deceased to the land proposed to be sold be passed on. . . . If it appear that the title is disputed and that by reason thereof the sale would be made under disadvantageous circumstances, it is proper to stay proceedings until the title may be ascertained in a court of competent jurisdiction." In Valle v. Bryan, 19 Mo. 423, Judge SCOTT said: "It is bad policy . . . to order sales where there is a doubt about the title of the land ordered to be sold when that doubt may be easily removed by a suit." And in Trent's Admr. v. Trent, 24 Mo. 307, the Supreme Court, speaking again through Judge SCOTT, said: "This court has discountenanced the practice of selling real estate where the title is in such a condition as must produce a sacrifice and when it can be made clear before the sale. Under such circumstances, the proceedings should be delayed until the title can be relieved from embarrassment.

These authorities show jurisdiction in the probate court to refuse the application, on the ground that "there is a doubt as to decedent's title." And there can be no question of the wisdom of the ruling of that court. To force a sale of the land while the objectors were asserting that they owned it in fee simple and were resting their claim on the terms of a deed that, to say the least, on its face strongly aids the claim, could not result otherwise than in the sacrifice of the property. The estate would get nothing out of it and if the executors are right in their claim that the testatrix died seized of a fee simple estate, the speculative and venturesome purchaser, not her creditors and legatees, would profit by the sale.

The application is without merit and was rightly refused. The judgment is affirmed. All concur.