JOHN DAVENPORT, as Receiver of HEUBACH & Co., Appellant *v.* JOHN KELLY, late Sheriff of the City and County of New York, Respondent.

A judgment creditor acquires no preference, by the commencement of an action in the nature of a creditor's bill, until the appointment of a receiver therein, over a junior judgment, as to personal property which is the subject of levy and sale on execution.

A. and B. each recovered a judgment against H. & Co. The debtor's property being in the hands of an assignee, executions on both judgments were returned unsatisfied. A. commenced an action by creditor's bill, and procured the appointment of a receiver, who took possession of the property. Subsequently, B. commenced a like action, in which the same receiver, was finally appointed. After the commencement of B.'s action, but before the appointment of a receiver therein, an order was made, in the action brought by A., directing the receiver to sell enough of the property to pay A.'s debt, and that the residue *"*be exempted from the further operations of the receivership in this action." Before the receiver had made sale, pursuant to said order, A. recovered other judgments at law against H. & Co., and issued executions thereon to the sheriff. The receiver having completed sufficient sales to realize the amount specified, gave notice thereof to B. and to the sheriff. The sheriff thereupon, being indemnified by A., sold the residue of the property under the executions last mentioned. The sheriff paid to A. the amount of his executions, and returned the same satisfied. B. procured the appointment of a receiver in his action, a few days after the sale, and prosecuted the same to judgment. The receiver then brought this action against the sheriff.

A complaint alleging these facts, and that the property of H. & Co. unsold, was insufficient to pay B.'s claim, and asking judgment against the sheriff for the sums which B. was entitled to receive by the judgment on his creditor's bill, was demurred to, on the ground that it did not state facts sufficient to constitute a cause of action.

*Held,* that judgment was properly rendered in favor of the defendant upon the demurrer, dismissing the complaint with costs.

(Submitted January, 1870; decided March, 19th, 1870.)

THIS is an appeal from a judgment of the General Term of the Supreme Court, in the first district, affirming a judgment of the Special Term, sustaining a demurrer to the complaint.

The plaintiff seeks to recover of the sheriff the amount of three judgments recovered by Edward Ringel against Victor Heubach & Co.

He claims under an appointment as receiver, made March 26, 1861.

Prior to 31st July, 1860, Victor Heubach & Co., were a mercantile firm in New York, having a large stock of goods, and owing debts to various persons, among whom were Billhofer & Arnold, and one Edward Ringel.

Victor Heubach & Co., July 31st, 1860, made a fraudulent sale or assignment of all their property to Henry Heubach, and absconded.

In September, 1860, Billhofer & Arnold recovered a judgment at law for part of their debt against Victor Heubach & Co., and issued an execution thereon; and on the 15th of September, upon the return of this execution, commenced an action in this court against the judgment debtors and their assignee, in the form of what was heretofore called a judgment creditors' bill, filing their complaint on the 19th of that month.

The relief asked in that action was a judgment declaring this assignment and transfer void, and directing that the assigned property be applied in payment of the debts described in that complaint, in the usual form in such cases.

At the time of commencing this equity suit, Billhofer & Arnold obtained an injunction, and gave notice of motion for

a receiver; and upon such motion an order was made in that action, on the 11th of October, 1860, appointing the plaintiff, Davenport, such receiver, and he at once took into his possession all the property in question.

On the 2d of October, after the service of the injunction and notice of motion for a receiver by Billhofer & Arnold, a judgment at law was recovered by Ringel against Victor Heubach & Co., and an execution issued thereon, which the sheriff returned *nulla bona*, on the 4th of October.

October 26th, Ringel commenced in this court an equity suit against the judgment debtors and their assignee, similar in character and asking similar relief to that of the Billhofer suit.

An order was made on the same day, in the Ringel equity suit, enjoining the defendants and directing them to show cause why a receiver should not be appointed therein. The summons, complaint and order were personally served upon the defendants, October 26th.

The motion for a receiver in the Ringel suit was not made until the 26th of March, 1861, when an order was made appointing Davenport receiver in the Ringel suit, and he thereupon became and remains such receiver.

When Davenport was appointed receiver in the Billhofer & Arnold suit, he took possession of all of the property in question, and it amounted to more than sufficient to satisfy the judgments of Billhofer.

A controversy presently arose between Billhofer & Arnold and Henry Heubach, the assignee, as to what should be done with that portion of the property thus held by the receiver which would not be required to satisfy their debt.

The matter was brought before the court by a series of motions, and several orders were made therein, the substance of which are as follows:

The first of them is the order appointing Davenport receiver, and directing him to take the whole of the property in question into his custody. Under this order he took possession of the entire property. It was supposed at that time

to amount in value to a sum beyond the portion of the debt to Billhofer & Arnold, upon which they brought their equity suit, which was about $3,000.

The assignee applied to the court to recover possession of a portion of the property, and on the 14th of November, 1860, an order was made directing a reference to Mr. Marbury, to ascertain and determine how much of this property the receiver should retain in his possession, and directing that the remainder of the property be restored to the assignee.

. The order of the 14th of November, fixed the amount of the property which the receiver was to retain and sell at such portion of the whole as would produce the gross sum of $8,500.

The language of the order is : " That the receiver shall only be directed to take possession of property enough, under said order (namely, order of 11th October), to pay the judgments of the plaintiffs set forth in the complaint."

On the 30th of November, the court made an order modifying the above clause of the order of 14th of November, as follows : Instead of directing the receiver to return this residue to the assignee, the language is, that " the residue of said property, after the sale (meaning the sale by the receiver of what will bring the gross sum of $8,500), be exempted from the further *operations of the receivership in this action.*"

After Davenport had been appointed receiver, Billhofer & Arnold recovered two other judgments against Victor Heubach & Co.; one on the 21st of October, 1860, for $3,687.84, and the other on the 13th of November, 1860, for $2,023.15.

The receiver completed his sales to $8,500 on the 13th of March, 1861, and gave notice thereof to all parties; Ringel and the sheriff.

The sheriff levied upon the goods and chattels held by the receiver, subject to the receiver's prior rights; and after the receiver had sold enough to realize $8,500, under the order of November 14th, the sheriff took possession from the receiver of the residue, and on the 20th of March, 1861, six

days before the motion was made for a receiver by Ringel, the sheriff sold the property under the executions.

The order for a receiver in Ringel's suit was made on the 26th of March.

Ringel proceeded to judgment in his creditor's suit, and obtained his decree on the 23d of November, 1861.

. The receiver now sues the sheriff, founding title upon the theory that Ringel obtained a lien upon the goods and chattels of the debtors by commencing his creditor's suit.

The cause was heard at Special Term, in the city of New York, May, 1862, on a demurrer to the complaint, and judgment was rendered dismissing the complaint, from which an appeal was taken.

The General Term affirmed the judgment, and the plaintiff appeals to this court.

*Luther R. Marsh*, for the appellant, cited *Murray* v. *Lylburn* (2 John. Ch., 445); *Edmonston* v. *Lyde* (1 Paige, 639); *Corning* v. *White* (2 Paige, 568); *Hammond* v. *Hudson River I. and M. Co.* (20 Barb., 379); *Robert* v. *The Albany and W. S. R. R.* (25 Barb., 662); *Gillett* v. *Fairchild* (4 Den., 80); 2 Kent, 351; 1 Chitty Gen. P., 99, note p; Toml. Law D., term Chose; *The King* v. *Capper* (5 Price, 217); 1 Lilly's Abr., 378; *Myric* v. *Selden* (36 Barb., 15).

*A. J. Vanderpoel*, for the respondent, cited *Storm* v. *Waddell* (2 Sandf. Ch., 494); *Van Alstyne* v. *Cook* (25 N. Y., 489); *Lansing* v. *Easton* (7 Paige, 364); *Storm* v. *Badger*, (8 Paige, 130); *Rutter* v. *Tallis* (5 Sandf., 610); *West* v. *Fraser* (id., 653); *Becker* v. *Torrance* (31 N. Y., 631); *Chautauqua Bank* v. *Risley* (19 id., 369); *Edmonston* v. *McLowd* (16 N. Y., 543); *Porter* v. *Williams* (5 Seld., 142); *Artisan's Bank* v. *Treadwell* (34 Barb., 559); *Fairfield* v. *Weston* (2 Sim. & Stu., 96); Am. Gutt. Per. Co. Case, 9 Abb., 78; *Rich* v. *Loutrel* (9 id., 356).

INGALLS, J. Although the facts are quite numerous, I am convinced that there is really but one important question

involved in the decision of this case, which is, whether Rin-
gel, by the commencement of his equity action against Victor
Heubach, Alfred Heubach, Augustus Johnson, and their
assignee, Henry Heubach, and the service of an injunction,
without a judgment, or the appointment of a receiver, in said
action, prior to the sale of the personal property by the sheriff,
by virtue of the executions issued upon the two judgments
which were recovered by Billhofer & Arnold against Victor
Heubach, Alfred Heubach and Augustus Johnson, one on
the 21st October, 1860, for $3,687.84, the other on the 13th
November, 1860, for $2,023.15, acquired such a lien upon
said property as created a preference in favor of Ringel,
superior to the title acquired by the levy and sale under the
Billhofer & Arnold executions. In this controversy, Daven-
port, the receiver, and Kelly, the sheriff, are, in effect, merely
nominal parties, the real parties in interest being Ringel, rep
resented by the receiver, and Billhofer & Arnold, represented
by the sheriff. Davenport, the receiver, was appointed in
the action first commenced by Billhofer & Arnold. By an
order of the Supreme Court, made on the 30th day of Novem-
ber, 1860, modifying an order made on the 14th day of
November, 1860, in said action, it was provided that the
residue of the property in the hands of the receiver, after a
sale by him, amounting to the gross sum of $8,500, *should be
exempt from the further operation of the receivership in that
action.* Such sale was made by the receiver, and the said
gross sum was realized. All of the parties had notice of such
order and of the sale. A motion was made by Ringel for the
appointment of a receiver in his action, but before the making
of said motion, and consequently before the granting of an
order for the appointment of a receiver, the sheriff proceeded
and sold the residue of the personal property, under the two
executions in favor of Billhofer & Arnold; such sale being
made on the 20th day of March, 1861. I am of opinion that
the sale of the property by the sheriff was regular and valid,
and that Billhofer & Arnold were entitled to the proceeds of
such sale, in preference to Ringel; that, until the appointment

of a receiver, no such lien *upon the personal property* was acquired as prevented such levy and sale by virtue of the executions. This was expressly decided in *Storm* v. *Waddell* (2 Sandf. Ch. Rep., 494, 516); and to the same effect is the decision in *Van Alstyne* v. *Cook* (25 N. Y., 489, 496). In *Lansing* v. *Easton* (7 Paige Ch. Rep., 365), the chancellor remarks: "The ordinary injunction upon a creditor's bill, which only operates upon the defendant, will not, of course, prevent another creditor from levying upon property of the defendant, which is the proper subject of a levy and sale on execution, before the title of the defendant in such property is equitably divested by an order for a sequestration thereof, or for the appointment of a receiver." In *Van Alstyne* v. *Cook*, above referred to, Judge SMITH remarks: "When an order is made for the appointment of a receiver of particular property, it amounts to sequestration, by act and operation of law, of such property; and when the receiver is subsequently appointed, the title to such property vests by relation from *the date of the order*, to the same effect as if such receiver was named in and appointed by such order." See also *West* v. *Fraser* (5 Sandford, 653); Edwards on Receivers, 98; *Becker* v. *Torrance* (31 N. Y., 634). It is very clear that, as to personal property which is the subject of levy and sale on execution, a creditor, by an equity suit, acquires no preference, as against a judgment creditor of the debtor, until the entry of an order appointing a receiver in such equity suit. The vigilant creditor who, by his execution, seizes and sells the property of his debtor, before the appointment of a receiver in an equity action, secures a preference which the law sanctions and protects. Whether the same rule applies in regard to property which is not the subject of levy and sale by execution, we are not required to express an opinion in this case, as it is not involved. The judgment should be affirmed with costs.

All concur for affirmance, except SUTHERLAND, J., who did not vote.

Judgment affirmed.