## Snow v. Winslow et al.

1. **Receiver**: RAILROAD: LIEN HOLDERS NOT PARTIES. The plaintiff filed a statement for a mechanic's lien upon a railroad; subsequently an action was brought against the railroad company by certain creditors, in which a receiver was appointed to take charge of the property, and afterward, in the same action, certain indebtedness created by the receiver was declared a first lien upon the road, which was sold in payment thereof: *Held*, that the plaintiff was not represented in his character as a lien holder by the receiver, and that, not having been made a party to the action at any time, his lien was not divested by the sale.

2. ———: ———: POWERS OF RECEIVER. The receiver having been authorized by the court to build a considerable extension of the road, and in payment therefor to issue certificates which should be a first lien upon the entire line, it was held that, in the absence of a showing of some peculiar exigency which rendered the extension necessary to protect the rights of the parties in interest, the lien of the plaintiff would not be displaced by the indebtedness so created.

SEEVERS, J., *dissenting*, holds that, the plaintiff's lien not having been established by an action before the appointment of the receiver, the plaintiff stood upon the same ground as general creditors, and was represented by the receiver and bound by the orders of the court made in such action, and that he cannot in any event attack the validity of such orders by a collateral action.

*Appeal from Clinton District Court.*

MONDAY, JUNE 21.

ACTION to establish and enforce a mechanic's lien against a railroad. The plaintiff shows in his petition that under a contract with the defendant Hinckley he furnished railroad ties to the amount of over three thousand dollars for the construction of the road of the defendant, the Chicago, Clinton & Western R. Co.; that afterwards; to-wit, September 4, 1875, plaintiff filed his statement and took the necessary steps to secure a lien upon the road. The intervenor Winslow, as trustee of the Burlington, Cedar Rapids & Northern Railway Co., purchased a sheriff's certificate issued in pursuance of a foreclosure sale of the road, by which he claims that

the plaintiff's lien became subject to the rights of the interve- nor. The question arose upon a demurrer by plaintiff to the in- tervenor's petition. The court overruled the demurrer, and the plaintiff appeals.

*A. R. Cotton* and *Isaac Baldwin*, for appellant.

*J. & S. K. Tracy* and *Geo. B. Young*, for appellee.

ADAMS, CH. J.—The intervenor shows in his petition, in substance, that after the plaintiff filed his statement for a lien, to-wit: on the 19th day of November, 1875, an action was brought against the Chicago, Clinton & Western R. Co. by the Joliet Iron and Steel Co., and in such action, on the 22d day of November, 1875, Edward H. Thayer was appointed receiver of the property of the company; that on the 27th day of July, 1876, the court made an order whereby it was provided that the receiver was "authorized and empowered to proceed to contract and build all the unconstructed portions of the line of railroad of said Chicago, Clinton & Western R. Co. from Clinton in Clinton county, Iowa, to Iowa City in Johnson county, Iowa, and to put those portions of said line already constructed, or partly constructed, in good order and condition to be operated as a railroad      *      *      *      *      and for such purpose *      *      *      to borrow such sum or sums of money and make such indebtedness as shall be necessary for the further construction, equipment and final completion of the road, not to exceed eight thousand dollars per mile upon the whole line of said road, completed and to be completed, and to make and issue to the person or persons of whom said money may be borrowed, or to whom such indebtedness may be due, *      *      *      *      his debentures or certificates   *      * *      *      signed by him as receiver, but not personally, and that such debentures or certificates      *      *      *      * shall be held and treated as receiver's indebtedness, and as

1. RECEIVER: railroad: lien- holders not parties.

such are decreed and adjudged to be a first lien for the principal and interest upon the entire line of said railroad, including the road bed, iron, right of way, rolling stock," etc.

The intervenor further shows that on the 8th day of March, 1877, in pursuance of the order, and in the construction of the uncompleted portion of the road, the receiver issued a large amount of certificates of indebtedness, a portion of which became the property of the South St. Louis Iron Co., which company filed a petition in the action in which the receiver was appointed, praying for the foreclosure of the certificates of indebtedness; that the court found the amount due the South St. Louis Iron Co., and decreed that the lien of the certificates be paramount to the liens of all other parties, and that the road be sold upon execution to satisfy the same; that the road was sold at execution sale, and the intervenor, Winslow, as trustee of the Burlington, Cedar Rapids & Northern Railway Co., became the owner of the sheriff's certificate.

The plaintiff insists that the intervenor did not, by reason of the facts above stated, acquire any interest in the road paramount to his lien, which attached prior to the time when the indebtedness accrued under which the execution sale was made.

It does not appear that the plaintiff was made a party to the action in which the receiver was appointed, and in which action the order was made for the completion of the road and the issue of the certificates of indebtedness. Nor was he a party to the foreclosure of the certificates.

Section 2903 of the Code provides that "on the petition of either party to a civil action, wherein he shows that he has a probable right to or interest in the property which is the subject of controversy, and that such property, or its rents and profits, are in danger of being lost or materially injured, or impaired, and on such notice to the adverse party as the court or judge shall prescribe, the court, or in vacation the judge thereof, if satisfied that the interest of one or both

parties will be thereby promoted, and the substantial rights of neither unduly infringed, may appoint a receiver to take charge of and control such property under its direction during the pendency of the action." The receiver in this case was appointed upon the application of the Joliet Iron and Steel Co., in an action against the railroad company and others. That due notice was given to all the defendants we may presume in the absence of any showing to the contrary.

As between the parties before the court the appointment was doubtless valid. It was not necessary, we think, to its validity that Snow, the plaintiff in the case at bar, should be made a party. He was a mere lienholder. Had he been in possession of the property it would doubtless have been necessary to make him a party, because the very object of the appointment would have been to deprive him of possession. But in this case the object of the appointment was to deprive the company of possession. The rights of Snow were not affected. A receiver's possession is subject to all valid and existing liens upon the property at the time of his appointment. *Gere v. Dibble*, 17 How. Pr., 31. The receiver might have proceeded to sell the property without Snow's being made a party, but in such case, we think, he could have sold only subject to Snow's lien. That a lien cannot be divested by any judicial proceeding to which the lienholder is not a party is well settled. This rule is not denied by the appellee. But he contends that Snow was represented by the receiver. In our opinion this position cannot be maintained. General creditors, in their character as such, may, perhaps, be regarded as represented by the receiver in certain classes of judicial proceedings to which he is a party. Their claims are to be realized simply through the receiver. Snow had a lien. In his character *as a lienholder* the receiver did not represent him. Had the object of the receiver's appointment been to sell the property, divested of Snow's lien, Snow should have been made a party to the appointment. Possibly, if Snow had been made a party afterward, the receiver might properly

have been ordered to make a sale which would have divested Snow's lien and transferred it to the fund. But that question is not before us. Having reached the conclusion that as Snow was not a party to the action, at any time, in which the receiver was appointed, the receiver could not make a sale which would divest Snow's lien, we have to say that, for the same reason, it appears to us that no execution sale could, in the same action, be ordered which would divest it. This must be so, unless Snow, as a lienholder, was represented in the action by the receiver, and we hold that he was not.

It is urged by Snow that the execution sale was not allowable at all because it was made to enforce a claim which ac-

2. ——: ——: crued on expense account, and that the sale, if powers of receiver. made at all, should have been made by the receiver. In the view which we take, this question need not be determined.

The plaintiff can maintain his action to enforce his lien. Whether his lien is to be deemed paramount to that of the appellee is a question of more difficulty. The general rule is that he who is first in time is first in right. Appellee admits this, but claims that the rule is not applicable to this case. He claims that Snow's lien was displaced by the order of the court, whereby the expense of building the portion of the road then remaining to be built was charged as a first lien upon the entire road.

What expenses a receiver may properly incur becomes a question sometimes of great doubt and difficulty.

The fundamental idea is that he must preserve the property and hold the same to be disposed of under the orders of the court. To that end he may, under the direction of the court, make repairs. *Blunt v. Clitherow*, 6 Ves., 799; *Attorney Gen. v. Vigor*, 11 Id., 563; *Thornhill v. Thornhill*, 14 Sim., 600. A receiver of a railroad may operate it and pay the expenses incident thereto, because this is deemed necessary for its proper preservation. *Ellis v. Boston, Hartford & Erie R. R. Co.*, 1 Mass., 107. That he may even

go further, and provide additional accommodations, stock, etc., was held in *Cowdrey v. Railroad*, 1 Woods, 331. In *Wallace v. Loomis*, 97 U. S., 162, it was held that the receiver might issue certificates of indebtedness for rolling stock, and that the same might be charged upon the road as a lien paramount to subsisting liens. It was said, however, that the power should be exercised with great caution. In *Stanton v. Railroad Co.*, 2 Woods, 506, it was held that the court might authorize the receiver to borrow money to complete an inconsiderable portion of the road, and make the sums borrowed a lien paramount to the first mortgage, it appearing to be necessary for the protection of the rights of the parties in interest. See, also, *Kennedy & Co. v. St. Paul & Pacific R. R. Co.*, 2 Dillon, 448, where certain work was authorized in making an extension which was necessary to prevent the forfeiture of an important land grant in which all parties were interested.

It is said, however, in High on Receivers, section 390, that "the receiver is seldom authorized to enlarge the operations of the company or extend its line of road, his functions being usually limited to the management of the property in its existing condition."

It appears to us that a receiver can be properly empowered to extend the line of a road only where, by reason of some peculiar exigency, it is necessary in order to protect the rights of the parties in interest. What, precisely, would justify the exercise of such extraordinary power we need not undertake to determine. If a court makes an order for an extension, with all the parties in interest before it, such order probably should be regarded as valid until reversed upon appeal. We are inclined to think that the subject matter would not be beyond the jurisdiction of the court, so that its action could be treated as void in a collateral proceeding. Such, we conclude, is the doctrine of the decisions. But we are asked to go much further than any court has gone yet, so far as we are able to discover. We are asked to hold that a lien may be

Snow v. Winslow.

displaced by an order made in a proceeding to which the lien-holder is not a party, and that, too, notwithstanding the value of the lien may be wholly destroyed, and without any showing that any exigency existed which called for the exercise of such power.

In our opinion the petition for intervention does not show that the plaintiff's lien has been displaced, and the judgment of the District Court must be
Reversed.

SEEVERS, J.—Being unable to concur in the foregoing opinion, I desire to briefly state the grounds upon which my dissent is based.

1. It is assumed the plaintiff had a lien at the time the receiver was appointed. At most he was only entitled to a lien which it required an action to establish. The question, therefore, as to the displacement of a lien is not in the case.

2. It cannot be essential that every creditor must have notice of the application before a receiver can be appointed. If it should be so held, the remedy would be greatly impaired. Certainly the statute does not so require. Nor has it been so held in any adjudicated case to which my attention has been called, and I am unable to see that there is any distinction in this respect between creditors who have a lien and those who have not. It matters not on whose application a receiver is appointed. He is simply an officer of the court, and its representative, holding possession for the court. His appointment cannot be questioned in any other court or in a collateral proceeding, however improvident it may have been. From this it seems to me it must follow that any subsequent order made in the case cannot be questioned in any other court, or in a collateral proceeding.

3. The property was in the possession of the court. Therefore, no action could have been brought to establish the lien without the consent of the court. For "the court never allows any person to interfere either with money or property in the hands of its receiver without its leave, whether it is

done by consent or submission of the receiver or compulsory process against him." *De Winton v. The Mayor of Bricon*, 28 Beav., 200. If such an application had been made, the rights of the plaintiff could have been fully protected.

4. The court having the lawful custody, through its receiver, of the property made an order in relation thereto. It will be conceded that the effect of such order was to deprive the plaintiff of the right to establish his lien in a collateral proceeding. Certainly the effect of the order was not greater or broader than has been stated. Of course the plaintiff could have applied to the court, in the cause in which the receiver was appointed, for the protection of his rights.

· The receiver, I think, is the representative or trustee for all parties in interest, or at least of all creditors who do not have an established lien. His appointment is made for the equal benefit of all persons who may establish rights in the cause. *Delaney v. Mansfield*, 1 Hogan, 234. The better doctrine is that the "receiver stands as the representative of both the creditors of the corporation and its shareholders. High on Receivers, Sec. 314.

In *Kaiser v. Kellar*, 21 Iowa, 95, it is said, "The receiver was appointed not for the benefit of the plaintiff, or for one party in interest, but for all." The court may order the receiver to sell the property, and it matters not how improvident it may have been, it cannot be assailed in a collateral proceeding. *Libby v. Rosekrans*, 55 Barb., 219.

One of two things must, I think, be true. One is that the plaintiff was represented by the receiver, and in contemplation of law before the court at the time the order was made, whereby the plaintiff was deprived of his lien, or, if that is not true, he cannot in a collateral proceeding assail the action of the court in making the order, but if any remedy he had it should have been applied for in the court, and in the cause, in which the receiver was appointed and the order made. The result is that the judgment of the court below should be affirmed.