No. 7962.

## LORCH *v.* AULTMAN & CO.

PRACTICE.—*Another Action Pending.— Motion to Dismiss.—Suit for Posses-sion.—Foreclosure of Mortgage on Personalty.*—In an action by a mort-gagee to recover possession of personal property, a motion by the pur-chaser of the property to dismiss, because another action was pending against the defendant and others for the foreclosure of the mortgage, was correctly overruled.

SAME.—*Right of Mortgagee to Possession.—Answer in Abatement.*—In such case, the pendency of the action to foreclose would not deprive the mort-gagee of his right to possession. The question could be raised only by an answer in abatement.

LIEN.—*Mortgage.—Appointment of Receiver.*—The appointment of a re-ceiver does not, as a rule, affect or divest an existing lien, but is made subject to such rights and liens as had been previously acquired.

SAME.—*Partnership.—Sale.*—A sale of mortgaged property by a receiver appointed in a suit between partners for a settlement of partnership business, if reported to and confirmed by the court, gives the purchaser so much interest in the property only as the firm had, and does not di-vest or affect the paramount mortgage lien of a stranger to the record.

PRACTICE.—*Actions in Rem.—Actions in Personam.—Notice.*—In proceed-ings strictly *in rem*, the seizure of property in controversy is notice to every one, and the whole world are deemed parties to, and bound by, such proceedings. In proceedings partly *in rem* and partly *in personam*, he who holds a paramount adverse title, unless a party to the proceed-ings, is not bound by them.

ESTOPPEL.—*Presence of Agent at Receiver's Sale.*—The fact that an agent of the mortgagee was present at a receiver's sale of the mortgaged property, and stood by and witnessed the sale without disclosing the mortgagee's title, and without objection, the record showing that the mortgagee was not a party to the proceeding and had a paramount title, and not showing that any agent authorized to waive or sacrifice his rights was present at the sale, does not estop the mortgagee to object to such sale.

From the Spencer Circuit Court.

*G. L. Reinhard,* for appellant:
*D. T. Laird,* for appellee.

MORRIS, C.—This action was brought to recover a threshing machine, Monitor engine, and the machinery thereto belonging. The complaint stated that, on the 26th day of July, 1877, Francis M. Harvey, George W. Wood, William Pence, and William H. H. Harvey, executed to Aultman & Co. a mortgage on said thresher, engine and machinery to secure the payment of three notes, executed by the mortgagors to the mortgagee, amounting in all to the sum of $1,300; that two of the notes were due, and that the makers had failed to pay them. The mortgage was duly recorded within the time required by law, and copies of it, and the notes which it was given to secure, were filed with the complaint. It was averred that the appellee was a corporation, and entitled to the possession of the mortgaged property; that the appellant, on the 17th day of December, 1878, at the county of Spencer, wrongfully took possession of said property, which was of the value of $1,300, and detained the same in said county without right. There was a second paragraph of the complaint, which was substantially the same as the first.

The appellant appeared, and moved the court in writing to dismiss the action on the ground, as stated in the motion, "that there is another action pending against the defendant and others, at the present term of this court, for the foreclosure of said mortgage, it being a prosecution against the same property, and that the plaintiff is prosecuting this suit

for the same matter, while he is foreclosing his mortgage."
This motion was overruled.

The appellant then answered in one paragraph. The answer admits the execution of the mortgage, as alleged in the complaint, but says, that at the November term, 1878, of the Spencer Circuit Court, in a suit wherein the appellant was plaintiff and William H. Harvey was defendant, brought to adjust, settle and dissolve a copartnership between him and said Harvey, William Blount was appointed a receiver of the copartnership property, for the purpose of winding up the copartnership business; that, by a decree of said court, the said Blount, as such receiver, was ordered to sell the property in controversy for the payment of the debts of the firm in the order of their priority; that the debt which the mortgage was given to secure was a partnership debt, and that the court ordered that it should be paid out of the proceeds of said sale before any other claims against said partnership; that, pursuant to said order, the said Blount, as such receiver, on the 16th day of December, 1878, sold said property at public auction, after having given due notice, to the appellant, for $200, and delivered it to him; that the appellee, by its agents, was present at said sale, did not object to the same, but discouraged bidding, without asserting any claim or title to the property.

The appellee demurred to the answer. The demurrer was sustained, and, the appellant electing to stand by his answer, judgment was rendered in favor of the appellee.

The overruling of the appellant's motion to dismiss the suit and the sustaining of the demurrer to his answer are assigned as error.

The court did not err in overruling the motion to dismiss the suit. If the appellee, by reason of the mortgagor's failure to pay the notes as they matured, was entitled to the possession of the mortgaged property, the pendency of the suit to foreclose the mortgage would not deprive him of that

right. The question could only be raised, however, by an answer in abatement, duly verified.

The answer of the appellant is somewhat indefinite. How he and his partners were interested in the mortgage property is not stated, nor is it stated how they became the debtors of the appellee. They neither executed the notes nor the mortgage. It is not stated that the parties owned the property. It may be inferred that the appellant and his partner in some way purchased the property from the mortgagors, and assumed the payment of the notes the mortgage was given to secure, and perhaps this is sufficient.

It is alleged in the answer, that the Spencer Circuit Court took possession of the property through its receiver, Blount. Assuming that the court had jurisdiction of the property, for the purposes stated in the answer, could the court dispose of the property so as to extinguish the rights of the appellee therein? It was not a party to the proceeding in which Blount was appointed receiver, nor was it in any way before the court. The appointment of a receiver will not, as a general rule, affect or divest an existing lien. The appointment is regarded as being made subject to such rights and liens as have been previously acquired. *Becker* v. *Torrance*, 31 N. Y. 631; *Davenport* v. *Kelly*, 42 N. Y. 193; High Receivers, sec. 440.

But it is averred in the answer that the court by its decree ordered the receiver to sell this specific property for the purpose of paying the appellee's debt, and that the sale was made pursuant to this decree. It is not alleged in the answer that this sale was reported to or confirmed by the court, nor that the appellee received any part of the proceeds of the sale. Is such a decree, and a sale made pursuant to it, binding upon a stranger to the record? Can it have the effect to divest one not a party to the proceeding of his right to and interest in the property so sold?

At the time the suit was commenced by the appellant against his partner, Harvey, and at the time Blount was ap-

pointed receiver, the appellee, through the default of the mortgagors, was entitled to the possession of the property in dispute. It derived this right, not from the partners and parties to the suit, but from others, and asserts it through them. They were in no way liable for the debts of the firm of Lorch and William H. Harvey. The debts of this firm were not chargeable to the mortgagors of the appellee. The claim of the appellee was not only adverse to the appellant, but to all who might claim through him and his partner.

The appointment of Blount as receiver gave him a lien upon and right to the interest of the parties to the suit in the property in dispute, but not upon the private and paramount title of the appellee, derived, not from them, but from those from whom they must have obtained whatever interest they had in the property in controversy. *Van Alstyne* v. *Cook*, 25 N. Y. 489.

In proceedings strictly *in rem*, it is held that the seizure of property is notice to every one, and, therefore, the whole world are deemed parties to, and bound by, such proceedings. *Sheldon* v. *Newton*, 3 Ohio St. 494; *Grignon's Lessee* v. *Astor*, 2 How. 319; *Satcher* v. *Satcher's Adm'r*, 41 Ala. 26.

But the suit between Lorch and his partner, William H. Harvey, was not a proceeding *in rem*. The most that can be said is, that by the appointment of the receiver, and the seizure of the property through him, the proceeding became somewhat anolagous to proceedings *in rem*. But as such receiver, Blount could only take possession of the rights and interests of the parties to the suit.

In proceedings partly *in rem* and partly *in personam*, he who holds a paramount adverse title, unless a party to the proceedings, is not bound by them. *Shields* v. *Ashley's Adm'r*, 16 Mo. 471; Rorer Judicial Sales, 2d ed., sec. 38.

Here the appellee derives its title from Francis M. Harvey, William Pence, George Wood and William H. H. Harvey, to whom it had sold the property, who executed to it the

Lorch v. Aultman & Co.

notes and mortgage to secure the purchase-money. Its title is, therefore, paramount to, and independent of, any claim which Lorch and his partner could have to the property in dispute. The appellant claims title through himself and his partner. The sale of Blount as receiver passed to Lorch the title of the firm, and nothing more. The appellee had no day in court, and can not be bound by the receiver's sale. The court could not, in its absence, without its knowledge or consent, dispose of its rights. It had no connection with the partners, Lorch and Harvey.

It is insisted that the appellee is estopped to object to the receiver's sale, on the ground that, through its authorized agents, it stood by, witnessed the sale without disclosing its title, and without objection. It does not appear, however, from the answer, that any agent of the appellee, authorized to waive or sacrifice its rights, was present at the sale. The record and decree, under which the appellant purchased and claims title, disclosed the facts that the appellee was not a party and had the paramount title. Under such circumstances no estoppel arises. The appellant knew the appellee's rights, and, presumably, that the receiver had no power to dispose of them. He will not, under such circumstances, be allowed to insist that the proceedings estopped the appellee. We think there was no error in sustaining the demurrer to the appellant's answer, and that the judgment below should be affirmed.

PER CURIAM.—It is ordered that, upon the foregoing opinion, the judgment below be in all things affirmed, at the costs of the appellant.