CATTARAUGUS COUNTY.—HON. ALFRED SPRING, SURROGATE.—February, 1883.

PETERS V. CARR.

*In the matter of the estate of* JOHN CARR, *deceased.*

In a special proceeding in a Surrogate's court, brought against an administratrix in her representative capacity, by an alleged creditor of the intestate, the former appeared generally and moved to dismiss on the ground that it did not appear that letters had ever been issued to her.—

*Held*, untenable; that by her appearance she had waived all defects in the petition affecting jurisdiction of the person.

Where a petition for leave to issue execution upon a judgment recovered against an administrator (Code Civ. Pro., § 1826) is silent as to the existence of assets applicable to the judgment, the court will require an *intermediate account* (Code Civ. Pro., § 2723, subd. 1), before granting the same.

The validity of the appointment of a receiver, appointed in supplementary proceedings, of the property of a debtor, cannot be tested collaterally, *ex. gr.*, on an accounting, in a Surrogate's court, by an administratrix of the debtor's estate.

A Surrogate's court has no jurisdiction to determine the validity of a purchase made, in her individual name, by one who is administratrix of the estate of a decedent, which it is contended should enure to the benefit of his creditors, where a receiver of his property had been appointed by the Supreme court during his lifetime, in whom the rights, if any, accruing upon such transaction must have vested ; nor to compel her to account for the property purchased, or the proceeds of a sale thereof.

PETITION by Malcolm A. Peters, assignee of a judgment recovered against the administratrix of estate of decedent, for leave to issue execution against her.

The facts are stated in the opinion.

JOHNSON & MARKHAM, *for petitioner.*

W. J. LAIDLAW, *for administratrix,*

THE SURROGATE.—The counsel for the administratrix urges that the proceedings should be dismissed on the ground that it does not appear that letters of administration were ever issued to Mrs. Carr by the Surrogate of Cattaraugus county. His position is untenable. He appeared generally in the proceedings, and by so doing waived any defects in the petition affecting jurisdiction of the person (Hoag v. Lamont, *16 Abb. N. S., 91-96*).

But I do not think an execution should issue in this matter until an account has been filed, or until we have ascertained, with some definiteness and certainty, the amount of property in the custody of the adminis-

tratrix.   The petition is silent as to the amount of the assets.   For aught that appears, the estate may be absolutely penniless.   The sections of the Code providing for the issuance of an execution are based upon the existence of assets in the hands of the administrator, and a court cannot act intelligently until an account has been filed, or until it appears to its satisfaction, in some way, that there are assets.

Section 2723, subd. 1, of the Code of Civil Procedure is intended to meet cases of this kind.

I, therefore, direct that an order be entered requiring the administratrix to make and file an intermediate account before me at Salamanca, March 15th, 1883.

Upon the accounting, it appeared that, in April, 1873, one Jamison and another executed a lease of a lot of land in Salamanca, Cattaraugus county, on the Indian reservation, to one Hosley, for the term of twelve years from December, 1875, at an annual rent of fifteen dollars, which lease was assigned, in August, 1873, to decedent, who took possession of the land, and retained it until August, 1876, when he died.

In April, 1874, decedent executed a written assignment of his interest under the lease to Chase & Co., of Louisville, Kentucky, which assignment was intended as security for a debt, owing from the assignor to the assignee, of over $2,000, it being agreed that said debt was to be paid within three years from the date of the assignment, otherwise the assignment to become absolute.

On April 23rd, 1876, an order was filed and recorded in the office of the clerk of Cattaraugus county, appointing one Wright receiver of decedent's property, in proceedings supplementary to executions issued upon judgments severally recovered against him in 1874 and 1876.

On September 25th, 1876, respondent was appointed administratrix of decedent's estate.

On September 29th, 1876, the bond of said receiver was duly approved.

In February, 1877, the receiver was ordered by the Supreme court to sell decedent's interest in the leased premises at a time and place mentioned; and the same was sold at auction, subject to the indebtedness to Chase & Co.

After the expiration of the three years allowed for the payment of the debt to Chase & Co., respondent obtained from them an assignment of said lease to herself, individually, up to the date of the execution of which the rents and profits of the leased premises had been paid to Chase & Co., and applied in reduction of their debt.

In March, 1880, in pursuance of an act of Congress authorizing them to confirm existing leases, etc., the Seneca Nation executed to respondent a lease in lieu or renewal of the original one; under and by virtue of which she continued in possession of the premises until she made a sale thereof for the consideration of $4,500. Before the sale, she paid Chase & Co. the full amount of their lien, from funds derived from rents of a building on the land, the amount of a policy of insurance thereon, and borrowed money.

Upon the accounting by the administratrix, the Surrogate, on February 4th, 1884, found the facts above stated, and, as conclusions of law, that the assignment of lease from decedent to Chase & Co. was a mortgage; that, upon the expiration of the three years limited for the payment of their indebtedness, the title became absolute in the mortgagees, excepting the equity held by the mortgagor, his representatives or assigns; that decedent's interest vested in Wright, as receiver, on April 23rd, 1876; that the subsequent sale by said receiver vested title in the purchaser; and that the question of the validity of the purchase of respondent from Chase & Co. was not within the jurisdiction of his court.

THE SURROGATE.—The petitioner's assignor recovered a judgment in the Supreme court against Bridget Carr, as administratrix of the estate of John Carr, deceased. He instituted a proceeding in this court, for leave to issue an execution against the administratrix. As the petition did not show assets, the administratrix was directed to prepare and file an account of her proceedings pursuant to subdivision 1 of § 2723 of the Code of Civil Procedure. The account was thereupon made and filed by the administratrix, and objections thereto were filed on behalf of the petitioner. The petitioner claims that the account should be surcharged by the proceeds of a lot in Salamanca county, and by the avails of a policy of insurance paid to Bridget Carr the administratrix, and by certain rentals arising from the leasing of said lot, and the buildings thereon.

The facts upon which the decision in this case hinges are undisputed. Previously to John Carr's death, one

Walter J. Wright was, in proceedings supplementary to execution, appointed receiver of his property. This order was filed in his lifetime, but the bond required by the order was not approved by the county· judge until after the death of Carr, and the issuance of letters of administration to his widow, the said Bridget Carr.

The petitioner maintains that the bond is defective, and that the failure to file the · same before the issue of letters to the administratrix renders the order appointing a receiver a nullity, and he took no title to the property thereunder. Section 298 of the old Code, which was then in force, provided for the filing and recording of the order appointing a receiver and contained this provision:

"And he (the receiver) shall. be vested with the property and effects of the judgment debtor *from the time of the filing and recording of the order* as aforesaid."

The moment the order is filed and recorded, it operates as a notice to all persons that the title to the property of the judgment debtor is vested in the receiver.

The approval and filing of the bond, when made, render the receiver's authority over the property complete, and his control and authority relate back to the date of the order. In Van Alstyne v. Cook (*25 N. Y., 489*), Judge SMITH holds that the bare granting of an order for the appointment of a receiver, without designating the appointee, is tantamount to a sequestration of the property, if a particular property, and when the person is designated his authority relates back to the date of the order. See, also, Davenport v. Kelly (*42*

*N. Y., 193*) ; Becker v. Torrance (*31 N. Y., 634*) ; Edwards on Receivers, *98 ;* Banks v. Potter (*21 How. Pr., 469*).

The question of the defectiveness of the bond is one that cannot be raised, except in the court creating the receiver (Att'y Gen. v. Guard. Mut. Life Ins. Co., *77 N. Y., 272 ;* O'Mahony v. Belmont, *37 N. Y. Sup'r. Ct., 380 ;* High on Receivers, § *203*). Nor can the validity of his appointment be tested collaterally (Foot v. Stiles, *57 N. Y., 399 ;* Att'y Gen. v. Cont. L. Ins. Co., *15 Week. Dig., 568*).

Wright was appointed in an action in the Supreme court, and that court has complete and exclusive direction over him. The receiver's disposition of the property, and his accounting for, and disbursement of the proceeds must be made under the direction of that court.

In this case, the receiver *did give* a bond, it was approved by the county judge, and the validity and regularity of his appointment was recognized by the Supreme court, as that court directed him to sell the identical property, the proceeds of which are now sought to be charged to the administratrix.

Pursuant to this order, the property was sold, and the interest which Carr had in the property passed to the purchaser at this sale. The only interest which Bridget Carr ever had in the property, she acquired from Chase & Co., and the sale made by the receiver was made subject to that. At the time she purchased the interest of Chase & Co., all the right and title of John Carr in the property was in the receiver of his vendee, so that she did not purchase as trustee to pro-

tect property owned by Carr, nor did this purchase by her enure to the benefit of the creditors. If, by hook or crook, John Carr's creditors still have an interest in that property or in the proceeds thereof, the title of the receiver and his vendees therein must first be divested before the administratrix can be compelled to account therefor. If she has sold property the title to which was vested in the receiver, she is liable to him.

The account is correct as filed, and petitioner's proceedings should be dismissed with costs.

Ordered accordingly.