Filed Oct. 8, 1890.

---

### No. 14,452.

## J. W. Dann Manufacturing Company et al. *v.* Parkhurst et al.

EXECUTION.—*Lien.—How Affected by Appointment of Receiver.—Lien-holders May Levy upon Property After Sale.*—Where executions become liens on personal property, and afterwards a receiver is appointed, in a proceeding to which the lien-holders are not made parties, such appointment of the receiver and the sale of the property by him do not divest such liens. While the property is in the hands of the receiver the right to enforce the lien is suspended; but after a sale the lien-holders have the right to levy upon and sell the property.

SAME.—*Administration of Estate by Receiver not Purely a Proceeding in Rem.*— The administration of an estate by a receiver is not purely a proceed-

ing *in rem,* and the acts of such receiver, and the orders of the court in which the estate is administered, do not bind persons who are not parties to the proceeding, and who have no opportunity of being heard.

From the La Porte Circuit Court.

*J. H. Bradley* and *F. E. Osborn,* for appellants.

*A. L. Osborn, M. Nye* and *W. B. Biddle,* for appellees.

COFFEY, J.—This was an action by the appellees against the appellants, instituted in the La Porte Circuit Court, to recover the possession of the personal property described in the complaint.

The error assigned is that the circuit court erred in its conclusions of law upon the special finding of facts.

It is disclosed by the special finding of facts that the appellant J. W. Dann Manufacturing Company, on the 9th day of February, 1888, recovered judgment in the La Porte Circuit Court against the Loomis Carriage Company, a corporation organized under the laws of this State, for the sum of $410.94 and costs of suit. On the same day the appellants Heyton, Hay and Hay, recovered judgment in the same court against said corporation for the sum of $732.40, with costs of suit. Neither of said judgments has ever been paid. On the 17th day of February, 1888, executions were issued on said judgments and delivered to the sheriff of said county at 10 o'clock P. M. on that day. On that day the said Loomis Carriage Company was the owner and in the possession of the personal property involved in this suit. On the 20th day of February, 1888, Howard Houseman filed his complaint in the La Porte Circuit Court for the foreclosure of an employee's lien, and for the appointment of a receiver against the said Loomis Carriage Company. On the 21st day of February, 1888, on the motion of said Houseman, one Edward F. Michael was, by the said court, duly appointed receiver of the property and effects of the said Loomis Carriage Company, and, on the 23d day of February, filed his bond, was duly qualified and took possession of all the

property of said corporation, including the property in controversy, and on the 25th day of said month filed an inventory and appraisement of all said property. On the 5th day of March following, the receiver filed and presented to the judge of said court a petition praying an order for the sale of all of said property, whereupon said judge made the following order:

" Upon reading the above and foregoing petition, it is ordered that the receiver, Edward F. Michael, be authorized and empowered to sell the property mentioned in the above and foregoing petition at private sale, without notice, for the sum of $2,500 cash in hand, and that he be authorized to execute to said purchaser a bill of sale of said property. Done at chambers in the city of La Porte, the 5th day of March, 1888."

On the 20th day of March, 1888, the receiver sold all said property, including the property involved in this suit, to the appellees for the sum of $2,500, which was paid, and on the 30th day of said month, the report of the sale was made and approved by the court.

The property involved in this suit is of the value of $1,200. The appellants were not parties to the action of Houseman against the Loomis Carriage Company, nor to the petition to sell said property, and had no notice of any of said proceedings.

On the 6th day of April, 1888, said sheriff levied the above-named executions on the property in controversy and took the same into his possession, and retained possession thereof until the 12th day of said month, when it was taken by virtue of the writ of replevin in this cause.

Upon these facts the court found as a conclusion of law that the appellees were the owners and entitled to the possession of the property in controversy, and rendered judgment accordingly.

The contention of the appellants is that their several executions became liens on the property in dispute on the 17th

day of February, 1888, before the appointment of a receiver, and that the appointment of the receiver and the sale of the property by him did not divest such liens, and that they had the legal right, after the property passed from the hands of such receiver, to levy upon and sell it to satisfy their debts.

On the other hand, it is contended by the appellees that the appointment of the receiver and the sale by him, under the order of the court, had the effect of divesting the lien from the property and of transferring it to the funds derived from the sale.

It is a fundamental principle of law that no person is bound by a proceeding in court to which he was not a party and of which he had no notice or right to be heard. This principle is too familiar to call for the citation of authority.

It is expressly shown by the special finding in this case that the appellants were not parties to the proceedings by which it is claimed the liens of their executions were removed from the property in dispute, and if such liens were removed it must be because the administration of the property of the Loomis Carriage Company by the receiver was purely a proceeding *in rem.* In such a proceeding all the world is a party, and many authorities are to be found to the effect that the seizure of the property is notice to everyone, and that all persons claiming an interest in the thing seized are called upon to appear in court and assert their respective rights. The better authority, however, seems to be that a judgment *in rem* is not binding on all the world unless some notice is given other than the mere seizure of the thing to be condemned. Freeman Judgments, section 617 ; Waples Proceedings in Rem, sections 64, 572; *State, ex rel.,* v. *Sullivan,* 120 Ind. 197.

It seems to be settled beyond dispute, however, that the administration of an estate by a receiver is not purely a proceeding *in rem,* and that the acts of such receiver, and the orders of the court in which the estate is administered, do

not bind persons who are not parties to the proceeding, and who had no opportunity of being heard. *Lorch* v. *Aultman & Co.,* 75 Ind. 162; *Shand* v. *Hanley,* 71 N. Y. 319; *Chautauque Bank* v. *Risley,* 19 N. Y. 369; *Hackensack Water Co.* v. *De Kay,* 36 N. J. Eq. 548; *Snow* v. *Winslow,* 54 Iowa, 200; *Shields* v. *Ashley,* 16 Mo. 471; Rorer Judicial Sales (2d ed.), section 38.

In the case of *Lorch* v. *Aultman & Co., supra,* it was said by this court: " The appointment of a receiver will not, as a general rule, affect or divest an existing lien. The appointment is regarded as being made subject to such rights and liens as have been previously acquired."

In the case of *Davenport* v. *Kelly,* 42 N. Y. 193, it was said by the court : " The vigilant creditor, who, by his execution, seizes and sells the property of his debtor, before the appointment of a receiver in an equity action, secures a preference which the law sanctions and protects." To the same effect is *Favorite* v. *Deardorff,* 84 Ind. 555.

In the case of *Snow* v. *Winslow, supra,* it was said by the court: "As between the parties before the court the appointment was doubtless valid. It was not necessary, we think, to its validity that Snow, the plaintiff in the case at bar, should be made a party. He was a mere lien-holder. Had he been in possession of the property it would doubtless have been necessary to make him a party, because the very object of the appointment would have been to deprive him of possession. But in this case the object of the appointment was to deprive the company of possession. The rights of Snow were not affected. A receiver's possession is subject to all valid and existing liens upon the property at the time of his appointment. The receiver might have proceeded to sell the property without Snow's being made a party, but in such case, we think, he could have sold only subject to Snow's lien. That a lien can not be divested by any ju-

dicial proceeding to which the lien-holder is not a party is well settled."

In this case the appellants acquired liens on the property in dispute by placing their executions in the hands of the sheriff of La Porte county before the appointment of the receiver. The appointment of such receiver did not divest such liens, nor did any order of the court, nor the sale by the receiver, divest them, for the reason that the court had not acquired jurisdiction over the parties holding the liens. It is true that during the time the property was in the hands of the receiver the right to enforce the liens was suspended, for the reason that the property was in the hands of and subject to the control of the court; but the same would be true of a judgment lien against lands in the hands of a receiver.

No valid reason is given, and we know of none, why such liens might not be enforced after the property had passed from the control of the court and had ceased to be in the custody of the law. In our opinion the appellants had the legal right to levy upon and sell the property in controversy after the same passed from the hands of the receiver and into the hands of the appellees.

It is claimed by the appellees that the conclusion here reached is in conflict with the case of *Walling* v. *Miller*, 108 N. Y. 173, but we are not of that opinion. The only question decided in that case which can have any application to the case at bar is, that a sale of property upon execution, while the property sold is in the hands of a receiver, is void. No such question is involved in this case.

As to whether the liens of the appellants could have been divested by making them parties to the proceeding in which the receiver was appointed we need not decide, as nothing of the kind was attempted. What we do decide is, that their liens could not be affected by a proceeding to which they were not parties, and of which they had no notice and no opportunity of being heard.

In our opinion the court erred in its conclusion of law upon the facts as stated in the special finding.

Judgment reversed, with directions to the circuit court to restate its conclusions of law in accordance with this opinion, and to render judgment accordingly.

Filed Oct. 10, 1890.