## KLINE v. HAMMOND MACHINE AND FORGE WORKS ET AL.

[No. 10,318. Filed April 28, 1920. Rehearing denied December 22, 1920. Transfer denied November 2, 1921.]

1. MECHANICS' LIENS.—*Insufficiency of Funds to Satisfy Liens.* —*Division Among Lienors.*—*Statute.*—As the right to a mechanic's lien is wholly statutory, and as §§8298, 8301 Burns 1914, Acts 1905 p. 295, provides that there shall be no priority between lienors and that, when the proceeds of the sale are insufficient to pay all claimants, the payment shall be *pro rata*, a lienor, in event of insufficiency of funds, is entitled to no more than his *pro rata* share of the fund, regardless of the form his action may assume. p. 579.

2. MECHANICS' LIENS.— *Foreclosure Sale.— Liens Divested.*— Where a lien claimant filing his notice thereof after commencement of an action by another lienholder to foreclose its lien was made a party to the suit upon the day the property was sold at a receiver's sale, which was ordered to be made free from liens, and claimant had ample opportunity to object to the approval of the sale or to the proceedings upon which it was based while the proceeds were in the hands of the court, its lien was divested and transferred to the proceeds. (*Lorch* v. *Aultman* [1881], 75 Ind. 162, and *J. W. Dan Mfg. Co.* v. *Parkhurst* [1890], 125 Ind. 317, distinguished.) p. 580.

3. MECHANICS' LIENS.—*Foreclosure Sale.—Liens Divested.—Resort to Proceeds of Sale.*—Even though the sale by a receiver in a suit to foreclose a mechanic's lien under an order of

court requiring a sale free from liens did not divest the lien of a lienor made a party to the suit on the day of sale, the lienor would be required, under the principle of marshaling assets, to resort to the proceeds of the sale, in which it could participate with other lienholders without preference or priority, instead of resorting to the land, which the purchaser, who was the highest bidder, believed he was purchasing free from liens. p. 581.

4. MARSHALING ASSETS AND SECURITIES.—*Application of Rule.* —*Purchaser of Land and Holder of Lien.*—Under the principle of marshaling assets, a person having two funds, to which he can resort for the collection of his claim may not by his election disappoint the person having but one of the funds, and such principle, modified only in form applies to a purchaser of real estate in good faith as against a lienholder who has another fund to which he can go for the collection of his claim. p. 582.

5. ESTOPPEL.—*Sale of Land at Foreclosure Sale.—Lienor's Failure to Object.—Estoppel to Foreclose Lien.*—Where one having the right to file a mechanic's lien kept in close touch with the proceedings in a suit by another lienholder to foreclose and sell the property, and made no objection thereto, and the purchaser at a sale under an order of court providing for a sale free from liens had no actual knowledge of the intention of such party to file a lien until some time after the sale, such purchaser would be protected under the principle of estoppel. p. 582.

From Lake Superior Court; *Virgil S. Reiter,* Judge.

Action by the Hammond Lumber Company against the Olson and Scofes Company, in which the Hammond Machine and Forge Works filed a cross-complaint against Max L. Kline and others. From the judgment rendered, Kline appeals. *Reversed.*

*L. V. Cravens,* for appellant.

*Bomberger, Peters & Morthland,* for appellees.

NICHOLS, C. J.—Originally this action, in usual form, was brought by the Hammond Lumber Company to foreclose a materialman's lien against certain real estate in the city of Hammond owned by Olson and Scofes Company. The insolvency of the defendant was averred, with a prayer for the appointment of a

receiver. At the time of the commencement of the action, the building being erected had not been completed. Among others furnishing material for its erection was the Hammond Machine and Forge Works, which hereafter will be mentioned as appellee, as the other lienholders are not active in this appeal. At the time of the filing of the original complaint, appellee had not filed its notice of lien, and was not made a party to the action. The receiver was appointed, and upon petition the sale of the real estate involved was ordered, the same to be sold free of all liens, except taxes and assessments, and "all liens now or hereafter filed to follow the funds." Such receiver, pursuant to such order, sold said real estate on December 5, 1917, for $8,300 which sale was confirmed in the court and deed delivered. The receiver was ordered to hold the proceeds of the sale until further order of the court. Appellee was not made a party until the day of the sale, but on that day Healy and Healy, defendants to the original complaint, filed a cross-complaint making appellee a party thereto. Appellee filed its notice of lien in the recorder's office November 17, 1917, and after it was made a party as aforesaid, filed its cross-complaint to foreclose its lien making all original parties, the receiver and appellant parties thereto, in which cross-complaint it averred that it was not a party to the action until after the sale had been ordered, that it could not be bound by the action of the court, that it was entitled to foreclose its lien against the real estate, and was not compelled to participate in the funds in the hands of the receiver. Thereupon the receiver filed a petition, asking the court to extend the receivership over the lien of appellee, which petition averred in substance that from November 5, 1917, until the date of the sale of said real estate, the receiver had full possession and control of the same under the order of the

court, and held it for and on behalf of the court. It then averred the successive steps of the receiver and the sale of the real estate as above set out, and that since the date of the sale, upon which date appellees were made defendants to the cross-complaint of Healy and Healy, appellee had been a party to the action, and had actual and constructive knowledge of all the matters and things which had been done in such receivership; that on February 4, 1918, appellee filed a claim against the receiver in the nature of a cross-complaint, asking the court to give it equitable relief, and declare its lien to be a preferred claim or lien against the proceeds of the sale of the real estate involved, then in the hands of the receiver; and that appellee from the beginning of this action has had actual knowledge of the bringing of this suit, and of the appointment of the receiver, and of the order of sale of the real estate and its terms, and at no time made any objection thereto; that the sale was made in good faith by the receiver, and that it was fair to all the creditors, and the amount of purchase money received was the greatest amount for which the property would sell at the time; that the purchaser complied in all respects with the terms of the sale and accepted the real estate free from any and all liens against the same except taxes and assessments as ordered by the court; that when appellee filed its notice of lien in the recorder's office of Lake county, it then knew that said real estate was in the hands of the receiver and was being administered by such receiver under the authority of the court, and that it was held for the benefit of all of the creditors who might be entitled to share in its distribution, and that the sale was made with the full knowledge of appellee. There was a prayer that the court extend the receivership over the lien of appellee, and that appellee be given what it might be entitled to have in the usual and ordinary dis-

tribution of the proceeds of such sale, and of any other assets which may come into the receiver's hands.

Appellee demurred to this petition and its demurrer was sustained, to which ruling the receiver excepted, and then answered in two paragraphs to the cross-complaint of appellee, the first paragraph being a general denial, and the second substantially the same as the answer of appellant to said cross-complaint hereinafter set out.

Appellant filed his demurrer to appellee's cross-complaint, which was overruled, to which appellant excepted, and then filed his answer in two paragraphs, the first being a general denial, and the second averring in substance his purchase in good faith, at the receiver's sale, of the real estate involved under the order of the court that it should be free of all liens, except taxes and assessments; that at the time the suit was commenced appellee had no lien filed with the recorder nor notice that it intended to file a lien, and that it filed none until November 17, 1917, and until such time appellant had no notice, actual or constructive, that appellee intended to hold a lien, and that appellant had no actual notice of such lien until long after the purchase of such real estate, and until after the filing of appellee's cross-complaint.

Other facts averred in appellant's second paragraph, are substantially the same as in the receiver's petition above set out. It also avers that after appellee knew of the sale of said real estate, it delayed from the date of such sale until February 4, 1918, before filing any pleadings in said cause; that the sale from December 5, 1917, until December 28, 1917, which was the end of the November term of court, was in fieri, and appellee had abundant opportunity during all of said time, and thereafter until it filed its cross-complaint, to have pe-

titioned to set aside the sale and order the real estate resold, but at no time did appellee make any such application, or ask any other relief as against said fund or said real estate than contained in the cross-complaint; that before such sale appellee had actual notice of such intended sale, and that the court had ordered the same sold free from liens, except taxes and special assessments, and appellee's officers talked to the other parties in said action, and consulted and advised with them, including appellant, as to whether or not it would join with some of the other parties to purchase said real estate at said sale; that appellee had actual knowledge of the intention to have the receiver appointed prior to the filing of the suit, and knowledge of the bringing of this suit and of the appointment of a receiver, and kept in constant touch with every step that was taken in said proceeding, and at no time made any objection to the court or receiver relative to such sale; that appellant purchased said real estate in good faith at the largest price that was bid for the same and believes that such sale was fair to all creditors and for the largest amount for which it could have been sold at the time; that appellant had complied with all things required and accepted such real estate free from all liens as aforesaid; that appellee knew at the time that it filed its notice of lien that said real estate was in the hands of a receiver, and was being administered, and that it was held for the benefit of all creditors who might be entitled to share in its distribution. It then avers receiver's petition to extend the receivership over the lien and the resistance thereof by appellee, and that appellee refused to participate in the distribution of the funds by the receiver; that the receiver has been ready at all times to pay appellee any amount which the court might determine was due to it, and to pay the same in its order, so far as priority was concerned, as the court might

determine, even to the full extent of all the amount which was or might be found due appellee on its amended cross-complaint, and that such receiver stood ready to do all things ordered by the court with reference to the payment of such appellee's claim, *pro rata* or in full as the court might determine; but that appellee refused to accept such money, either in whole or in part from the funds of said receiver, or in any manner to share therein, but insists upon a judgment foreclosing its lien against the said real estate, and that appellant's real estate should be again sold for the purpose of paying said lien, thus requiring appellant to purchase said real estate twice in order to protect his interest therein. There was a prayer that appellee be not permitted to foreclose its lien upon the real estate involved, but that its claim be fully litigated and determined in this suit, and that the court ascertain the amount of such claim and its order of priority, and direct the receiver. to pay the same, either *pro rata* or in full, as the court might direct.

Appellee demurred to appellant's second paragraph of answer which demurrer was sustained.

There was a trial on appellee's cross-complaint, and judgment in favor of appellee in the sum of $1,079.83 and $132.78 attorney's fees, declaring the same to be a lien against appellant's real estate, and foreclosing such lien.

The only error which is properly presented, and which we need to consider, is the ruling of the court sustaining appellee's demurrer to appellant's second

1. paragraph of answer to appellee's cross-complaint. Appellee's judgment is based upon a mechanic's lien, notice of which it had filed against the real estate involved. There were other judgments based upon mechanics' liens against the same real estate. Section 8298 Burns 1914, Acts 1909 p. 295, expressly

provides that there shall be no priority as between such liens, and §8301 Burns 1914, Acts 1909 p. 295, provides that if the proceeds of the sale are insufficient to pay all the claimants, then the court shall order payment *pro rata*. Appellee's right to a lien is wholly statutory, and such statute only gives it a right coextensive with other like claimants with whom it must pro rate in the event of an insufficiency of funds. Whatever form the action may assume, it can claim no more than the statute gives it.

Appellee contends that as it was not a party to the original proceedings at the time of the appointment of the receiver, and at the time of the petition for, 2. and order of sale of the real estate involved, its mechanic's lien was not divested, and that as soon as the property passed by sale from the receiver, it then had a right to a foreclosure of its lien and to the sale of the property in discharge thereof. We are not unmindful of the rule contended for by appellee that where property is sold at receiver's sale, the rights of all lienors not parties to the suit are not affected by such sale and the lien follows the property notwithstanding an order of court purporting to authorize the sale of such property free of liens, which rule controls the decisions in *J. W. Dan Mfg. Co.* v. *Parkhurst* (1890), 125 Ind. 317, 25 N. E. 347, and *Lorch* v. *Aultman & Co.* (1881), 75 Ind. 162, upon which appellee relies to sustain its position. Each of those cases was an independent action, in replevin against the purchaser at the receiver's sale, in which action the parties to the original action and the receiver were not parties, and it does not appear in either action that the proceeds of receiver's sale was available to the lienholder. In the Parkhurst case, *supra*, it is expressly averred that the holder of the lien had no notice of any of the proceedings. It does not appear that any attempt what-

ever was made to make the lienholder a party to the proceedings in which the receiver was appointed; or that any opportunity was offered such lienholder to object to the sale, while in this case appellee became a party on the day of sale, and had from that date, December 5, 1917, to December 28, 1917, the close of the term, to challenge the sale, and any proceedings theretofore. It does not appear that there was any offer to pay the lienholder in that case the amount of his lien or any part thereof, while in this case both the receiver and appellant tried by proper pleading to have appellee share in the proceeds of the sale, but appellee objected, and his objection by demurrer was sustained. In the Parkhurst case, *supra,* the court stated that what it did decide was that the liens could not be affected by a proceeding to which the holders were not parties, and of which they *had no notice, and no opportunity of being heard.* In this case, appellee became a party to the record on the day of the sale and had ample opportunity to object to the approval thereof or to any proceedings upon which it was based, while the proceeds of the sale were in the hands of the court. These facts so distinguish the cases relied on from the case at bar, as seriously to weaken them as authorities herein. We hold that as appellee was a party to the record in ample time to protect itself from any irregularity in the sale, it had its day in court, and its lien was divested by the sale.

But let us assume that appellee's lien was not divested by the receiver's sale. It must be conceded that appellee had the right to intervene, and to participate in the distribution of the proceeds of the sale.
3. The facts pleaded show that it was invited, we may say importuned so to do, but that it resisted every effort made to pay it, *pro rata* or in full from the funds in the hands of the court. It then had two sources, two

funds, from which it could enforce payment of its claim, —the one being the funds in the hands of the receiver, and the other the real estate in the hands of the purchaser and for which he had paid full price, believing that he had purchased free from all liens. To which fund should appellee be required to resort—the one in which it could participate with other lienholders without-preference or priority, receiving all that the statute has provided that it should receive, or to the real estate purchased by appellant in good faith for full value, believing from the order of the court that he was purchasing free from all liens? Equity and good conscience answer, and we are not without authorities to

4. sustain the answer. Under the principle of marshaling assets, a person having two funds to which he can resort for the collection of his claim may not by his election disappoint the person having but one of the funds, and this principle, modified only in form, applies to a purchaser of real estate in good faith as against a lienholder who has another fund to which he can go for the collection of his claim. *Calumet River R. Co.* v. *Brown* (1891), 136 Ill. 322, 26 N. E. 501, 12 L. R. A. 84; *Platt* v. *Bright* (1879), 31 N. J. Eq. 81.

It is to be noted that the answer avers that appellee kept in close touch with every step of the proceeding, and made no objection thereto, and that appel-

5. lant had no actual knowledge of appellee's intention to file a lien until long after the sale. The following rule of law, supported by a long list of authorities, is stated in 16 Cyc 764: "When a person having title to or an interest in property knowingly stands by and suffers it to be sold under a judgment or decree, without asserting his title or right or making it known to the bidders, he cannot afterward set up his claim." In this case appellant as a purchaser in good faith, if the averments of his complaint are true,

will be protected. The judgment is reversed, with instruction to the trial court to overrule appellee's demurrer to appellant's second paragraph of answer to appellee's cross-complaint, and for further proceedings.